1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11 | NATHANIEL MORGAN, an individual,          Case No.:  3:20-cv-00574-GPC-AHG
   | and on behalf of others similarly situated,
12 |                                            **ORDER GRANTING MOTION FOR**
   |                              Plaintiff,     **LEAVE TO FILE A SECOND**
13 |                                            **AMENDED COMPLAINT**
   | v.
14 |                                            **[ECF No. 27]**
   | ROHR, INC., a corporation; HAMILTON
15 | SUNDSTRAND, a corporation, d/b/a
   | COLLINS AEROSPACE; UNITED
16 | TECHNOLOGY CORPORATION, a
   | corporation; and DOES 1 through 50,
17 | inclusive,
18 |
   |                              Defendants.
19 |

20

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27

28
                              1

                                                  3:20-cv-00574-GPC-AHG

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC").  ECF No. 27.  The motion has been fully briefed.  ECF Nos. 29, 30. For the reasons that follow, the Court GRANTS the motion.

## I.    BACKGROUND

On March 27, 2019, Plaintiff Nathaniel Morgan ("Morgan" or "Plaintiff") filed this putative wage-and-hour class action complaint in the Solano County Superior Court, on behalf of all other non-exempt employees who worked for Defendants Rohr, Inc., Hamilton Sundstrand d/b/a UTC Aerospace Systems d/b/a Collins Aerospace, and United Technologies Corporation (collectively, "Defendants").  ECF No. 1-1.[1]  The original complaint asserted claims for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to maintain required records; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (9) unfair and unlawful business practices ("UCL").  ECF No. 1-1.

The proposed class is comprised of approximately 1,540 hourly non-exempt employees in California and includes employees who worked for a minimum of two locations, including one location in Chula Vista, California and one location in Riverside, California.  ECF No. 2 ¶ 4, 8.  Morgan was employed by Defendants at Defendants' Chula Vista facility as a non-exempt Operations Specialist in various departments from December 2014 to approximately December 2016, after which he was laid off.  ECF No. 2 ¶ 30.

---

[1] Defendants note that the plaintiff in *Alikhan v. Goodrich et. al.*, Case No. 2:17-cv- 06756-R-RAO (C.D. Cal) previously sought leave to amend his complaint to add Nathaniel Morgan as a named plaintiff but Alikhan ultimately elected not to add Morgan as a named plaintiff.  ECF No. 29 at 9.

2

On April 26, 2019, Plaintiff filed a First Amended Complaint ("FAC"), which added an allegation regarding the tolling of the statute of limitations, in Solano County Superior Court.  ECF No. 1-4 ¶ 5.

On May 6, 2019, Defendants removed the case to the United States District Court for the Eastern District of California, alleging diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  ECF No. 1.  On June 10, 2019, Defendants filed a motion to dismiss the FAC or alternatively, to transfer venue and dismiss or strike allegations in the FAC.  ECF No. 13.

On March 26, 2020, Judge Troy Nunley of the Eastern District granted Defendants' motion to transfer, denied the motion to dismiss and motion to strike without prejudice as moot and transferred the case to this Court.  ECF No. 22. On April 7, 2020, Defendants filed a motion to dismiss the FAC.  ECF No. 25.  On April 17, 2020, Plaintiffs filed the instant motion for leave to file a SAC.   ECF No. 27.

In this SAC, Plaintiff seeks to: (1) add a second plaintiff and proposed class representative, Michael Bevan, who was employed as a non-exempt worker in multiple positions (including Assembler and Quality Technician) from approximately 2013 to 2019 at a facility in Riverside; (2) eliminate certain issues raised by Defendants in their motion to dismiss (ECF No. 25) including by removing the tolling allegation (Sixth Cause of Action) and removing references to Labor Code sections 226.3 and 1174 from the Seventh Cause of Action; (3) add factual details supporting his claims, including allegations regarding Plaintiff's employment status, Defendants' status as joint employers, as well as the alleged Labor Code violations; (4) remove the Doe defendants and add in a request for attorneys' fees.

Morgan alleges that Bevan retained Plaintiff's counsel in December of 2019 and that Plaintiff's counsel requested that Defendants stipulate to allow Plaintiff to amend the

1   complaint in order to add Bevan as a named plaintiff and class representative.  ECF No.

2   27 at 17.  Defendants declined to agree to this stipulation.  *Id.*

3        Plaintiff argues that the motion should be granted since (1) leave to amend is

4   liberally allowed where a party seeks to plead additional facts to existing legal theories

5   and address issues raised in a motion to dismiss, (2) Defendants will not suffer any

6   prejudice by the filing of a SAC, particularly since no new legal theories are being pled

7   and no discovery deadline, trial date or class certification briefing schedule has been set;

8   (3) the proposed amendments would not be futile; and (4) Plaintiff's SAC would

9   represent Plaintiff's first amended pleading filed in response to a pleading challenge.

10   Defendants argue that Plaintiff should not be permitted to file the SAC since the proposed

11   amendments are futile, the filing of the SAC would prejudice Defendants, and Morgan

12   has failed to address and meet the standards set forth by Rule 20.

13   **II.   LEGAL STANDARD**

14        Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint

15   after a responsive pleading has been filed may be allowed by leave of the court and "shall

16   freely be given when justice so requires."  *Foman v. Davis*, 371 U.S. 178, 182 (1962);

17   Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the trial

18   court.  *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d

19   1386, 1390 (9th Cir. 1985).  Because Rule 15(a) favors a liberal policy, the nonmoving

20   party bears the burden of demonstrating why leave to amend should not be granted.

21   *Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).  In assessing

22   the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad

23   faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments

24   previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.

25   *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th

26   Cir. 2011).  These factors are not equally weighted; the possibility of delay alone, for

27

28

instance, cannot justify denial of leave to amend, *DCD Programs, LTD v. Leighton*, 833 F.2d 183, 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999).

## III.  DISCUSSION

### A. Futility

"Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).  However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* (citing J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering a Rule 12(b)(6) motion)).

Defendants argue that Plaintiff should not be permitted to amend because (1) the allegations regarding joint employer liability are futile since Plaintiff's allegations regarding wage statements are insufficient; (2) the allegations regarding Defendants' illegal practices and policies—including failure to provide meal periods, rest periods, overtime wages, and itemized statements (ECF No. 27-2 ¶¶ 23(b), 33), failure to provide calculation of total number of hours worked (ECF No. 27-2 ¶ 80), and allegations regarding footwear and laundry costs (ECF No. 27-2 ¶ 85)—are also futile since Morgan's deposition testimony contradicts these claims; and finally, (3) the UCL claim is futile as a matter of law.  ECF No. 29 at 17-23.

On the first two categories of claims, leave to amend must be granted since they involve questions of fact that are not properly resolved prior to further development of the record.  In *Miller*, the Ninth Circuit reversed the district court's denial of leave to amend on the basis that the legal sufficiency of the proposed amended pleading turned on questions of fact.  Similarly, here, Defendants argue that the merits of Plaintiff's allegations regarding wage statements and Defendants' practices and policies are futile on the basis of the deposition testimony.  First, generally a court may not look beyond the "four corners of a complaint" with the "exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice."  *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1203–04 (N.D. Cal. 2014).  Second, to the extent that Defendants dispute the merits of the allegations, such disputes are "more appropriately determined by way of a fully briefed motion or a trial, rather than in the context of a motion for leave to amend."  *SAES Getters S.p.A. v. Aeronex*, Inc., 219 F. Supp. 2d 1081, 1088 (S.D. Cal. 2002).

With respect to the UCL claim, Defendants argue that the proposed amendments are predicated on the Defendants' alleged "refusal to pay meal and rest period premium payments" and therefore are futile as a matter of law.  Defendants argue that the UCL only guarantees unpaid wages that were earned by the employees, and that meal and rest period premium payments are a form of liquidated damages (or "unearned wages") and therefore not covered by the UCL.  *Cortez v. Purlator Air Filtration Prods.*, 23 Cal. 4th 163, 178 (2002) and *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal. App. 12 5th 444, 474 (2019) .  An action under the UCL is equitable in nature and damages cannot be recovered.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (Cal. 2003).  Therefore, recovery under the UCL is limited to injunctive relief and restitution and statutory penalties under the Labor Code are not recoverable under the UCL.  *See Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1281 (S.D. Cal.

1    2019).  While there is "no controlling precedent from the California Supreme Court" yet

2    on this question, at least in this district, courts have found that recovery for meal period

3    violations can be properly considered under the UCL.  *Id.* at 1283.  Accordingly, the

4    Court grants Plaintiff leave to amend with respect to these claims.

5      **B. Rule 20**

6      Defendants argue that Plaintiff has failed to meet the standard under Rule 20 since

7    he cannot establish that Bevan asserts any right arising out of the same transaction or

8    occurrence that share common questions of law or fact with this lawsuit.  Plaintiff

9    counters that Defendants cite to no authority that supports the proposition that joinder is

10    required where a party seeks to add an additional class representative who is already a

11    member of the existing putative class.  Plaintiffs further argue that "[r]equiring a class

12    representative to establish that their claims "arise out of the same transactions" and

13    present common questions of law or fact, before providing leave to amend, undermines

14    the class action mechanism by requiring plaintiffs to meet certification requirements

15    absent class discovery."  ECF No. 30 at 11.  Defendants ask the Court to consider the

16    sufficiency of Plaintiff's pleadings and argue that the proposed amended allegations

17    related to "joint employer" status do not create a legally cognizable legal right of action.

18    ECF No. 27-2 ¶¶ 18(a)-(h).  While Defendants' argument may have merit, such a

19    consideration is premature and the cases that Defendants cite are inapposite.  *Maddock v.*

20    *KB Homes, Inc.*, 631 F. Supp. 2d 1226 (C.D. Cal. 2007) (court denied employee's

21    attempt to amend complaint to add a new *defendant*); *Zhao v. Bebe Stores, Inc.*, 247 F.

22    Supp. 2d 1154 (C.D. Cal. 2003) (court held that joint employer status standard was not

23    met on a motion for summary judgment)

24      **C. Prejudice**

25      As to prejudice, Plaintiff argues that the addition of another named plaintiff and

26    class representative for claims already pled in the lawsuit will not cause any prejudice to

27

28

1    Defendants, since Plaintiff does not seek to expand the scope of the issues or the

2    proposed class.  Plaintiff claims that these additional facts expand on his existing claims,

3    for example, by setting forth more fully the facts underlying his claims for violations

4    concerning meal periods, rest breaks, overtime, minimum wages, and off-the-clock work.

5    Plaintiff also argues that the other changes—namely, the removal of the original Sixth

6    Cause of Action, the removal of references to Labor Code sections 1175 and 226.3 in the

7    Seventh Cause of Action, the removal of Doe Defendants, and inclusion of request for

8    attorney's fees—do not prejudice Defendants.

9        Defendants counter that the filing of the SAC would be prejudicial on the basis that

10   it would require them to file a third Motion to Dismiss and Strike, thereby increasing

11   their litigation costs.  Defendants cite *Owens v. Kaiser Foundation Health Plan, Inc.*, 244

12   F.3d 708, 712 (9th Cir. 2001).  In *Owens* the Ninth Circuit upheld the lower court's

13   decision to permit the filing of an amended pleading since such "amendment caused no

14   delay in the proceedings and required no additional discovery."  *Id.*  On the question of

15   litigation costs, the Ninth Circuit rejected the argument that litigation costs should bar the

16   filing of the amended pleading, noting that the "[a]ppellants cite no case holding that

17   prejudice should be measured by litigation expenses incurred before a motion to amend is

18   filed."  *Id.*  So too here, the Defendants have not established that they have incurred

19   substantial litigation expenses after the motion to amend was filed, and further,

20   Defendants have not shown that these new allegations "surprised" them.  *Wehlage v.*

21   *EmpRes Healthcare Inc*., No. C 10-5839 CW, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6,

22   2012) ("Prejudice typically arises where the opposing party is surprised with new

23   allegations which require more discovery or will otherwise delay resolution of the

24   case.").

25   / / /

26   / / /

27

28                                    8

### D. Undue Delay or Bad Faith

Defendants argue that proposed amendment is sought in bad faith given Morgan's deposition admissions that purportedly negate many of the proposed amended allegations or establish that they are simply untrue. However, as discussed above, the consideration of the deposition testimony is improper at this time. Furthermore, it appears to the Court that the Plaintiffs have not shown undue delay or bad faith in a manner that would justify denial of leave to amend.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a second amended complaint is **GRANTED**. Plaintiff is directed to file the second amended complaint **on or before June 20, 2020** in accordance with Local Civil Rule 15.1.

**IT IS SO ORDERED.**

Dated:  June 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge

9

3:20-cv-00574-GPC-AHG