**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmaternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for PLAINTIFFS NATHANIEL MORGAN and MICHAEL BEVAN, individually, and on behalf of others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual;  individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION;<br><br>Defendants. | Case No. 3:20-CV-00574-GPC-AHG<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

SECOND AMENDED COMPLAINT

PLAINTIFFS NATHANIEL MORGAN and MICHAEL BEVAN ("PLAINTIFF"), individuals, demanding a jury trial, on behalf of themselves and other persons similarly situated, hereby allege as follows:

## **INTRODUCTION**

1.    PLAINTIFFS bring this action on behalf of themselves and all other similarly-situated persons who worked for defendants ROHR, INC., HAMILTON SUNDSTRAND, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION (erroneously named as UNITED TECHNOLOGY CORPORATION) (collectively "DEFENDANTS") as non-exempt employees in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods as required under California law, unpaid overtime compensation, unpaid minimum wages, and unreimbursed business expenses.    PLAINTIFFS also seek penalties, interest, attorney's fees, costs and expenses, and equitable, and restitutionary relief.

## **JURISDICTION AND VENUE**

2.    PLAINTIFF NATHANIEL MORGAN filed this action in the Superior Court of the State of California because PLAINTIFF NATHANIEL MORGAN was a resident of the State of California at the time this action was filed, and DEFENDANTS are qualified to do business in California and regularly conduct business in California.    Further, no federal question is at issue because the claims are based solely on California law.

3.    Defendants removed this action to the United States District Court for the Eastern District of California alleging diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

4.    On or about March 26, 2020, this action was transferred to the United States District Court for the Southern District of California.

///

SECOND AMENDED COMPLAINT

## PLAINTIFFS

5.    PLAINTIFF NATHANIEL MORGAN is a male resident of the State of California, who was a resident of the State of California at the time this action was filed. PLAINTIFF NATHANIEL MORGAN is a former non-exempt employee of DEFENDANTS who worked for Defendants in Chula Vista, California.

6.    PLAINTIFF MICHAEL BEVAN is a male resident of the State of California and a former non-exempt employee of DEFENDANTS who worked for Defendants in Riverside, California.

7.    PLAINTIFF NATHANIEL MORGAN was employed by DEFENDANTS as a non-exempt employee from approximately December 15, 2014 to approximately December 9, 2016. During that time, PLAINTIFF MORGAN worked as an Operations Specialist and worked in multiple departments, including the shipping and receiving and fan cowl departments.

8.    PLAINTIFF MICHAEL BEVAN was employed by DEFENDANTS as a non-exempt employee from approximately 2013 to approximately October 2019, and from approximately December 2019 to present. During that time, PLAINTIFF BEVAN held multiple job titles, such as Assembler and Quality Tech.

## DEFENDANTS

9.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT ROHR, INC. is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT ROHR, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Solano, State of California.

10.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT HAMILTON SUNDSTRAND d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of

SECOND AMENDED COMPLAINT

California. Specifically, DEFENDANT HAMILTON SUNDSTRAND d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Solano, State of California.

11.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT UNITED TECHNOLOGY CORPORATION is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT UNITED TECHNOLOGY CORPORATION maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Solano, State of California.

12.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS HAMILTON SUNDSTRAND CORPORATION and UNITED TECHNOLOGIES CORPORATION jointly do business as UTC AEROSPACE SYSTEMS, ROHR, INC. and COLLINS AEROSPACE and at all times relevant hereto have, conducted business under the names UTC AEROSPACE SYSTEMS, ROHR, INC. and COLLINS AEROSPACE, and do conduct business in the State of California under the names UTC AEROSPACE SYSTEMS, ROHR, INC., and COLLINS AEROSPACE. Specifically, DEFENDANTS HAMILTON SUNDSTRAND CORPORATION and UNITED TECHNOLOGIES CORPORATION maintain offices and facilities and conduct business in, and engage in illegal payroll practices or policies in, the State of California, County of Solano under the names UTC AEROSPACE SYSTEMS, ROHR, INC. and COLLINS AEROSPACE.

13.    PLAINTIFFS are informed and believe and thereon allege that a Certificate of Assumed Name for Corporation was executed in Mecklenburg, North Carolina on September 7, 2012 which certifies that UTC AEROSPACE SYSTEMS is an assumed name under which DEFENDANT HAMILTON SUNDSTRAND

SECOND AMENDED COMPLAINT

CORPORATION conducts business. The Certificate is signed by the Assistant Secretary for DEFENDANT HAMILTON SUNDSTRAND CORPORATION.

14.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANT UNITED TECHNOLOGIES CORPORATION's most recent SEC 10-Q, dated July 28, 2017, identified UTC Aerospace Systems as "one of its four principal business segments." UTC AEROSPACE SYSTEMS' Corporate Fact Sheet dated September 3, 2017, and available on its website, states that UTC Aerospace Systems is part of United Technologies Corp (NYSE:UTX).

15.     PLAINTIFFS are informed and believe and thereon allege that UTC AEROSPACE SYSTEMS and COLLINS AEROSPACE are part of UNITED TECHNOLOGIES CORPORATION (NYSE:UTX), a diversified company that provides a broad range of high-technology products and services to the global aerospace and building systems industries. PLAINTIFFS are informed and believe and thereon allege that in 1997, DEFENDANT ROHR, INC. merged with Goodrich Corporation, and that in August 2012, UTC AEROSPACE SYSTEMS was formed by combining Goodrich Corporation and all of its divisions with DEFENDANT HAMILTON SUNDSTRAND.

16.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE Defendants under fictitious names.  PLAINTIFFS are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

///

///

SECOND AMENDED COMPLAINT

17.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFFS and CLASS MEMBERS. PLAINTIFFS are informed and believe, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

18.     PLAINTIFFS' allegations of the DEFENDANTS' relationship as joint employers are evidenced in the PLAINTIFFS' employment records.  Specifically, at PLAINTIFFS' time of hire, PLAINTIFFS were given and/or required to sign multiple documents that show the DEFENDANTS' interrelation and representation as being PLAINTIFFS' employers, including, for example:

      a. A "Photo and Video Release" referring to "UTC AEROSPACE SYSTEMS and all its affiliated entities" which is signed by a representative of "UTC Aerospace Systems";

      b. An "Intellectual Property Agreement" stating "As a condition and in consideration of my employment by, as applicable, UNITED TECHNOLOGIES CORPORATION, or any or its direct or indirect subsidiaries or affiliates, or their successors or assigns…"

      c. An offer letter to PLAINTIFF NATHANIEL MORGAN offering him a position with "United Technologies Aerospace Systems", signed by Edward Brown, a Human Resources Associate for UTC Aerospace Systems, whose e-mail address domain is "utas.utc.com";

      d. Multiple "Employee Change Request Forms" which bear a header for "ROHR, INC., a UTC AEROSPACE SYSTEMS COMPANY", as well as an Employee Change Request Form which bears a header for "UTC Aerospace Systems – Aerostructures";

SECOND AMENDED COMPLAINT

e. A "New Employee Information Form" which bears the name and logo of "UTC AEROSPACE SYSTEMS"; and

f. Paystubs which identify PLAINTIFFS' employer as "ROHR, INC."

g. "HR POLICY GUIDE" documents which refer to both "UTAS" and "UTC", which are defined therein to mean "UTC Aerospace Systems" and "United Technologies Corporation," respectively; and

h. A corporate policy manual for "United Technologies Corporation," which states that the manual is applicable to "United Technologies Corporation, including its subsidiaries, divisions, and any other business entities controlled by the Corporation."

19.     Both PLAINTIFFS' paystubs list the employer as DEFENDANT ROHR, INC., and list the employer's address as 9 Farm Springs Road, Farmington, Connecticut. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT UNITED TECHNOLOGIES CORPORATION's SEC filings also list its address as 10 Farm Springs Road, Farmington, Connecticut. At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures incurred in the discharge of their duties; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Order.

///

SECOND AMENDED COMPLAINT

20.     PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

21.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

22.     PLAINTIFFS bring this action on behalf of themselves and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning on March 27, 2015 and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFFS reserve the right to name additional class representatives.

23.     This action is appropriately suited for class treatment because:

a.     The potential class is sufficiently numerous. PLAINTIFFS are informed and believe, and thereon allege, that the class number is in the hundreds. Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' illegal practices and policies, including but not limited to: failing to provide PLAINTIFFS and CLASS MEMBERS meal periods; failing to authorize and permit rest periods; failing to pay PLAINTIFFS and CLASS MEMBERS one hour of pay at each employee's regular

SECOND AMENDED COMPLAINT

rate of compensation for all meal breaks which were not provided and all rest breaks which were not authorized and permitted; failing to pay PLAINTIFFS and CLASS MEMBERS minimum and overtime wages for all hours worked; failing to provide accurate itemized statements for each pay period; and failing to properly compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures incurred in the discharge of their duties, in violation of the California Labor Code and the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practice arising from such violations. These illegal practices and policies were applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFFS are typical of CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFFS do not have any conflicts of interest with the CLASS MEMBERS and will fairly and adequately protect the interests of the CLASS MEMBERS.

e.    Common questions of law and fact predominate over any questions affecting individual CLASS MEMBERS, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **FIRST CAUSE OF ACTION**

### **Failure to Authorize and Permit Required Meal Periods**

### **[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 9-2001, § 11]**

### **(Against all DEFENDANTS)**

24.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 23.

SECOND AMENDED COMPLAINT

25.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS had, and continued to have, a policy and practice of failing to provide PLAINTIFFS and CLASS MEMBERS with full, uninterrupted meal periods as required by California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

26.    During the CLASS PERIOD, DEFENDANTS have maintained a common policy that non-exempt employees may take meal breaks only at a designated time.  Employees may not take a break without permission from a manager or supervisor outside of that designated time.

27.    During the CLASS PERIOD, managers and supervisors did not allow PLAINTIFFS and other CLASS MEMBERS to take their meal breaks when they worked shifts longer than five hours.  PLAINTIFFS and CLASS MEMBERS were regularly scheduled to take their meal breaks after the end of the fifth hour of work. Specifically, PLAINTIFFS and CLASS MEMBERS were regularly required to take their meal breaks more than 5 or 6 hours after their scheduled start time, irrespective of their actual start time. For example, PLAINTIFF MORGAN's records reflect that, for a period of time during his employment with DEFENDANTS, his shift start time was 4:30, but his lunch start time was not until 11:30, i.e., 7 hours later.

28.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS failed to maintain adequate staffing levels in its facilities. DEFENDANTS required PLAINTIFFS and other CLASS MEMBERS to finish their pending tasks before leaving for their meal breaks, but still required them to return by the scheduled end of their meal breaks. As a result, PLAINTIFFS and other CLASS MEMBERS were denied timely 30-minute meal breaks.

29.    On multiple occasions during the CLASS PERIOD, PLAINTIFFS worked shifts longer than 10 hours, and sometimes more than 12 hours, during which they were not provided a second meal break prior to the tenth hour of work.

///

SECOND AMENDED COMPLAINT

30.    Even when PLAINTIFFS and other CLASS MEMBERS did receive meal breaks, their meal breaks were regularly interrupted because DEFENDANTS required them to perform work-related tasks, including, for example, work related to deliveries and time-sensitive tasks.

31.    PLAINTIFFS and other CLASS MEMBERS were not permitted to take their meal breaks in the work area, and were required to spend time during their meal breaks travelling to and from areas away from the work area (e.g., designated break areas) within their scheduled meal break time, resulting in shortened meal breaks.

32.    The time records that DEFENDANTS maintained for employees show no actual entries for meal breaks.   For example, DEFENDANTS' time records do not show actual start and end times for PLAINTIFF MORGAN's meal breaks. Despite there being no evidence of meal breaks, DEFENDANTS automatically deducted time for PLAINTIFFS and CLASS MEMBERS' scheduled meal breaks, regardless of whether or not the employee had actually received a complete meal break.

33.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11.

34.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with a lawful meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided, including but not limited to, by failing to include all forms of remuneration when calculating the regular rate of pay.

///

///

SECOND AMENDED COMPLAINT

35.    DEFENDANTS violated, and continue to violate, California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

36.    As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, costs of suit, and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 9-2001. PLAINTIFFS and CLASS MEMBERS are also entitled to seek attorneys' fees under California Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]

### (Against all DEFENDANTS)

37.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 36.

38.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

39.    During the CLASS PERIOD, PLAINTIFFS and other CLASS MEMBERS were required to work continuously for multiple hours without being relieved for rest breaks due to the heavy workload, being required to finish time-sensitive tasks, deliveries/shipments, and meet workday deadlines. As a result, PLAINTIFFS and other CLASS MEMBERS were prevented from taking uninterrupted 10-minute rest breaks in the middle of each work period.

SECOND AMENDED COMPLAINT

40.    Even when PLAINTIFFS and other CLASS MEMBERS were able to take a rest break, their rest breaks were regularly delayed, cut short or interrupted because DEFENDANTS required them to perform work-related tasks, including time-sensitive tasks. PLAINTIFFS and other CLASS MEMBERS were also often required to take their rest breaks late due to the high workload and the need to complete time-sensitive tasks.

41.    During the CLASS PERIOD, DEFENDANTS' policies and practices did not allow PLAINTIFFS and CLASS MEMBERS to leave the premises during rest breaks.

42.    During the CLASS PERIOD, DEFENDANTS' policies and practices did not provide PLAINTIFFS and CLASS MEMBERS with the opportunity to take a third rest break during shifts lasting longer than ten (10) hours.

43.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided, including but not limited to, by failing to include all forms of remuneration when calculating the regular rate of pay.

44.    As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, costs of suit, and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 9-2001. PLAINTIFFS and CLASS MEMBERS are also entitled to seek attorneys' fees under California Code of Civil Procedure section 1021.5.

///

///

SECOND AMENDED COMPLAINT

## **THIRD CAUSE OF ACTION**

### **Failure to Pay Overtime Wages**

### **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

### **(Against all DEFENDANTS)**

45.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 44.

46.     Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday in a workweek, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

47.     PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001.

48.     During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to provide accurate itemized payroll/wage statements to PLAINTIFFS for each pay period; and other methods to be discovered.

SECOND AMENDED COMPLAINT

49.    DEFENDANTS maintained a timekeeping and payroll practice which consistently resulted in employees being paid less than the hours that they actually entered,  including on days when employees worked more than eight (8) hours or in weeks when employees worked more than (40) hours in a week. Instead, employees were paid based on some sort of rounded time, scheduled time, and/or alleged grace period time which resulted in employees being paid less than all hours worked. As a result of DFEENDANTS' timekeeping and payroll practice, DEFENDANTS failed to compensate employees for all overtime hours worked. DEFENDANTS' timekeeping practice consistently operated to DEFENDANTS' advantage.

50.    PLAINTIFFS and other CLASS MEMBERS were not permitted to take their meal breaks in the work area, and were required to spend time during their meal breaks travelling to and from areas away from the work area (e.g., designated break areas) within their scheduled meal break time. Employees were not compensated for this time walking to and from their break area.

51.    DEFENDANTs routinely failed to accurately calculate overtime compensation accurately. For example, PLAINTIFFS' wage statements reflect that DEFENDANTS failed to use the appropriate the regular rate of pay for calculating overtime compensation, including but not limited to by failing to include all forms of remuneration (including, *inter alia*, the value of shift differentials, shift premiums, non-discretionary bonuses, the value of gift cards, commissions and other forms of remuneration) when calculating the regular rate of pay for purposes of paying overtime.

52.    PLAINTIFFS were scheduled to work shifts that were typically at least 8 hours long.   When PLAINTIFFS worked during their meal breaks, or were not paid for all recorded time due to DEFENDANTS' timekeeping practice, PLAINTIFFS worked more than eight (8) hours per day and/or forty (40) hours in a week but were often not compensated for this time.

///

SECOND AMENDED COMPLAINT

53.    PLAINTIFFS and other CLASS MEMBERS often worked overtime and double time.  PLAINTIFFS generally received overtime payments in each pay period.

54.    Similarly, other CLASS MEMBERS were scheduled to work shifts that were eight (8) or more hours long.  When CLASS MEMBERS were not afforded off-duty meal breaks, were not paid for all recorded time due to DEFENDANTS' timekeeping and payroll practice, or were not paid for time spent subject to the employer's control while off-the-clock, they worked more than eight (8) hours per day and/or forty (40) hours in a week but were not compensated for this time.

55.    PLAINTIFFS and CLASS MEMBERS received other forms of remuneration including, but not limited to shift differential payments (e.g., "Sft Prem" payments), "Gift Card" payments, "Awd Gross Up" payments, and "special award" payments, which DEFENDANTS failed to incorporate in calculating PLAINTIFFS' and CLASS MEMBERS' regular rate of pay for purposes of paying overtime and double time compensation, and break premiums.

56.    PLAINTIFFS and other CLASS MEMBERS were not compensated for all time spent performing work-related duties while off the clock, including on days when they worked more than eight (8) hours. For example, PLAINTIFFS were not compensated for time spent performing tasks like donning and doffing their uniforms and protective gear, time spent walking to and from the designated parking area and the time clock while off-the-clock. PLAINTIFFS and other CLASS MEMBERS were also directed by supervisors to perform work-related tasks before clocking in, including on days when they worked more than eight (8) hours; for example, PLAINTIFF MORGAN was asked multiple times to perform tasks, including but not limited to preparing shipments, before clocking in for his scheduled shift.

57.    DEFENDANTS were required to pay PLAINTIFFS and CLASS MEMBERS overtime pay for all hours worked in excess of eight (8) hours per day and/or 40 hours per week but failed to pay PLAINTIFFS and CLASS MEMBERS

SECOND AMENDED COMPLAINT

overtime wages for all those hours.

58.    DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS worked overtime for hours which they were not compensated.

59.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

60.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 9-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

<u>**FOURTH CAUSE OF ACTION**</u>

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

**(Against all DEFENDANTS)**

61.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 60.

62.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

///

SECOND AMENDED COMPLAINT

63.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each pay period; and other methods to be discovered.

64.    DEFENDANTS failed to compensate employees for time that they were subject to DEFENDANTS' control. For example, PLAINTIFFS and other CLASS MEMBERS were directed to perform work-related tasks, such as preparing shipments, before clocking in for their scheduled shifts.    DEFENDANTS also required PLAINTIFFS and CLASS MEMBERS to finish work-in-progress or time-sensitive tasks during their unpaid meal breaks. On information and belief, DEFENDANTS' timekeeping and payroll policies and practices also resulted in PLAINTIFFS and CLASS MEMBERS not being paid for all time entered or all hours worked.

65.    PLAINTIFFS and other CLASS MEMBERS were also not compensated for all time that they were subject to DEFENDANTS' control while off the clock, including time that they were required to spend performing tasks like donning and doffing their uniforms and protective gear and time spent walking to and from the designated parking area and the time clock while off-the-clock.

66.    PLAINTIFFS and other CLASS MEMBERS were not permitted to take their meal breaks in the work area, and were required to spend time during their meal breaks travelling to and from areas away from the work area (e.g., designated break areas) within their scheduled meal break time.  Employees were not paid for this time spent walking during their meal breaks.

///

SECOND AMENDED COMPLAINT

67.     DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS worked hours for which they were not compensated.

68.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

69.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 68.

70.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

71.     Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

///

///

SECOND AMENDED COMPLAINT

72.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

73.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202, including with respect to PLAINTIFF MORGAN (who was laid off), and with respect to PLAINTIFF BEVAN (who was let go and subsequently re-hired).

74.    On information and belief, PLAINTIFFS allege that DEFENDANTS maintained a policy, practice, and/or procedure of paying all wages earned and unpaid at the time its employees quit or were terminated in the next pay cycle, rather than immediately (for terminated employees) or within 72 hours (for employees who quit), as the Labor Code requires. For example, after PLAINTIFF MORGAN was laid off by DEFENDANTS, PLAINTIFF MORGAN's last day of work was December 9, 2016. However, PLAINTIFF MORGAN was not issued a final pay check until December 16, 2016.

75.    As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies. PLAINTIFFS and CLASS MEMBERS are also entitled to seek attorneys' fees under California Code of Civil Procedure section 1021.5.

///

///

///

///

///

SECOND AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code § 226; IWC Wage Order No. 9-2001, § 7]

### (Against all DEFENDANTS)

76.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 75.

77.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 9-2001, § 7.

78.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

79.    During the CLASS PERIOD, DEFENDANTS failed to accurately list all hours worked and all wages earned by PLAINTIFFS AND CLASS MEMBERS, including due to DEFENDANTS' timekeeping and payroll practices, which resulted in employees not being fully compensated for all recorded hours, as well as DEFENDANTS' automatic deduction practice for employee meal breaks and failure to record and pay employees for work performed during their meal breaks.

80.    During the CLASS PERIOD, PLAINTIFFS' and CLASS MEMBERS' wage statements failed to contain a calculation of the employees' total hours worked, and did not allow employees to simply add up the entries in the "hours" column in order to calculate their total hours, because the "hours" column of the wage

SECOND AMENDED COMPLAINT

statements contained multiple entries that were not attributable to hours actually worked (e.g., "Sick Day" time, "Holiday" time, and "Vacation" time).

81.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have suffered an injury within the meaning of Labor Code section 226(e) in an amount according to proof at trial. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available civil penalties, including but not limited to civil penalties pursuant to California Labor Code § 226(e), and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

82.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 81.

83.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

84.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to, expenses associated with the purchase and maintenance of uniforms, work shoes/boots/insoles, cell phone usage, laundering of uniforms, and other employment-related expenses, in violation of California Labor Code § 2802.

SECOND AMENDED COMPLAINT

85.    DEFENDANTS required PLAINTIFFS and CLASS MEMBERS to wear specific clothing and shoes (such as steel-toed work boots). DEFENDANTS did not provide PLAINTIFFS and CLASS MEMBERS required steel-toe work boots. As a result, PLAINTIFFS and CLASS MEMBERS were required to purchase steel-toe work boots to work and seek reimbursement that was not always granted or granted for a lesser amount than what was paid. In addition, CLASS MEMBERS were required to launder their own uniforms and incurred costs for having their uniforms cleaned and washed. DEFENDANTS did not reimburse PLAINTIFFS and CLASS MEMBERS for the cost of these business-related expenses.

86.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

87.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 86.

88.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS'

SECOND AMENDED COMPLAINT

failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to pay meal and rest period premium payments when they were due to PLAINTIFFS and CLASS MEMBERS, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

89.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

90.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

91.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

92.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial,

but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS, individually and on behalf of all other persons similarly situated, respectfully pray for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For waiting time penalties pursuant to California Labor Code § 203;

6.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e);

7.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

9.    For declaratory relief;

10.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

11.    For an order appointing PLAINTIFFS as class representative and PLAINTIFFS' counsel as class counsel; and

///

SECOND AMENDED COMPLAINT

12.    For such further relief that the Court may deem just and proper.

DATED: June 19, 2020

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:  */s/ Matthew J. Matern*
_____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for PLAINTIFFS
NATHANIEL MORGAN and
MICHAEL BEVAN, individually, and
on behalf of other persons similarly
situated

SECOND AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: June 19, 2020                   Respectfully submitted,

**MATERN LAW GROUP, PC**

By:

_/s/ Matthew J. Matern_

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for PLAINTIFFS
NATHANIEL MORGAN and
MICHAEL BEVAN, individually, and
on behalf of other persons similarly
situated

SECOND AMENDED COMPLAINT