UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual, MICHAEL BEVAN, an individual, individually, and on behalf of others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, a corporation, d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGY CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00574-GPC-AHG<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE;**<br><br>**2) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE PAPERS;**<br>**[ECF No. 84]**<br><br>**3) VACATING THE HEARING ON DEFENDANTS' MOTION TO STRIKE;**<br><br>**4) RESETTING HEARING ON CLASS CERTIFICATION; and**<br><br>**5) DENYING AS MOOT DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME;**<br>**[ECF No. 87]** |

/ / /

1

Before the Court is Defendants' Motion to Strike Plaintiffs' Reply Papers Supporting Class Certification and Alternatively, Leave to File Response Papers. ECF No. 84. Plaintiffs responded to the motion on September 24, 2021. ECF No. 91. And Defendants' replied in support of their motion on October 8, 2021. Also before the Court is Defendants' subsequent ex parte application to shorten time on the hearing on Defendants' motion to strike, which is currently set for November 5, 2021. ECF No. 87.

For the reasons described below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to strike Plaintiffs' reply papers, or in the alternative leave to file further response papers. Defendants' motion to strike portions of Plaintiffs' reply is **DENIED**, but the Court **GRANTS** Defendants' motion for leave to file a sur-reply and other response papers, which they must file **on or before November 5, 2021**. Accordingly, the Court **ORDERS** that the hearing on Plaintiffs' motion for class certification be reset for **January 14, 2022** at 1:30 p.m. in Courtroom 2D.

The Court further finds the Court finds the pending motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and **VACATES** the hearings scheduled on the motions. Defendants' ex parte application to shorten time on the hearing on the motion to strike is therefore **DENIED** as moot.

## PROCEDURAL BACKGROUND

### I.     Plaintiffs' Motion for Class Certification

On April 24, 2021, Plaintiffs moved this Court for class certification. ECF No. 56. Defendants filed their response in opposition to Plaintiffs' motion to certify the class on June 25, 2021. ECF No. 67. Plaintiffs filed their reply in support of class certification on August 16, 2021. ECF No. 82. The class certification hearing is currently set for November 5, 2021, the same day as the hearing on Defendants' motion to strike.

/ / /

## II. Defendants' Motion to Strike

On August 27, 2021, Defendants filed their motion to strike portions of Plaintiffs' reply papers. ECF No. 84. They move to strike the following:

(1) Plaintiffs' "Reply Compendium of Evidence In Support of Motion for Class Certification" (ECF No. 77);

(2) Plaintiffs' "Proposed Trial Plan" (ECF No. 81);

(3) Portions of "Supplemental Declaration of Jarrett Gorlick In Support of Plaintiffs' Motion for Class Certification" (ECF No. 80-22); and

(4) Portions of "Declaration of Laura Steiner In Support of Plaintiffs' Motion for Class Certification (ECF No. 80-21).

Defendants move to strike these papers because the documents "circumvent" and "exceed" page limits dictated by this Court, were "filed without leave of Court," and they "introduce new facts and different legal arguments" beyond those advanced by Plaintiffs in their motion. ECF No. 84-1 at 3. Defendants further argue Plaintiffs' reply and the documents attached to and referenced by the reply "prejudice[]" Defendants "because Plaintiffs have unfairly gained dozens of extra pages in class certification briefing." *Id.*

In the alternative, Defendants have asked the Court for leave to file additional briefing in opposition to class certification, including: (1) a sur-reply; (2) a response to Plaintiffs' proposed trial plan; and (3) an expert declaration responding to Plaintiffs' declarations submitted on reply. *Id.*

## LEGAL STANDARD

It is firmly established that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *Do v. Tri City Healthcare District*, 2020 WL 6484633 (S.D. Cal. Nov. 4, 2020), at *2 (quoting *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990))). And in this

District, Civil Local Rule 7.1 provides that "copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, must be served and filed *with the motion*." S.D. Cal. Civ. L. R. 7.1(f)(2)(a) (emphasis added). Indeed, the Ninth Circuit has held that "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Because neither the Federal Rules of Civil Procedure nor this District's Local Rules provide litigants a *right* to file a sur-reply, which leaves the question of whether to "permit[] the filing of a sur-reply is within the discretion of the district court." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV001118BENBLM, 2019 WL 3198800, at *1 (S.D. Cal. June 26, 2019). But courts have generally limited their granting permission to file a sur-reply to circumstances where it is truly needed—namely, "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 336 F. Supp. 2d 1190, 1198 (N.D. Ga. 2005)); *see also Harvey v. Advisors Mortgage Grp.*, 321CV01048TWRAGS (S.D. Cal. Sept. 17, 2021).

## DISCUSSION

Here, as Defendants have argued, Plaintiffs' reply brief in support of class certification (ECF No. 77) far exceeds the 25-page limits allowed for their papers under Civil Local Rule 7.1(h). In addition to the issue surrounding page limitations, and Plaintiff's inclusion of unsanctioned lengthy collections of evidence by repeated reference throughout the body of the reply, Plaintiffs *also* filed supporting expert declarations, as well as a lengthy proposed trial plan brief as part of the reply. It is therefore clear that Plaintiffs' reply brief goes beyond the scope of what is permitted in a reply, both as to length *and* substance. For example, the Gorlick Declaration analyzes

1 pay records for employees outside the original sample.  *See* ECF No. 80-22 ¶¶ 6-8, 13-33.
2 And the Steiner Declaration was prepared by a previously-undisclosed expert.  ECF No.
3 80-21.
4      Given the above, the Court finds that some remedial action is warranted.  To be
5 sure, Plaintiffs did not insert in their reply brand new causes of action, nor did they seek
6 to introduce evidence that is of an entirely different kind than that previously marshalled
7 in support of their claims.  Nevertheless, by submitting on reply *further* evidence and
8 arguments in support of their motion to certify the class, rather than merely responding to
9 Defendants' opposition to the motion, the Court finds that Plaintiffs here have indeed
10 "deprived Defendants of the opportunity to respond."  *Do*, 2020 WL 6484633 (S.D. Cal.
11 Nov. 4, 2020), at *2.  Thus, under the circumstances, the filing of a sur-reply for the
12 Court to consider along with the party's briefing on the issue of class certification, is
13 warranted.  Finally, to provide Defendants sufficient time to prepare their sur-reply and
14 the accompanying documents, the hearing on Plaintiffs' motion will be continued.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

## CONLUSION

The Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to strike. The Court **DENIES** Defendants' motion to strike the portions of Plaintiffs' reply identified in Defendants' motion, ECF No. 84 at 2. The Court **GRANTS** Defendants' motion for leave to file the following papers, on or before **November 5, 2021**: (1) A sur-reply not to exceed 15 pages; (2) a response to Plaintiffs' Proposed Trial Plan not to exceed 25 pages; and (3) an expert declaration responding to Plaintiffs' expert declarations. Accordingly, Court further **ORDERS** that the hearing on Plaintiffs' Motion for Class Certification, ECF No. 56, be **reset** for **January 14, 2022** at 1:30 p.m. in Courtroom 2D.

The Court further **DENIES** as moot Defendants' ex parte application to shorten time on the hearing on Defendants' motion to strike. ECF No. 87.

**IT IS SO ORDERED.**

Dated: October 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge