# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual; individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROHR, INC., a corporation, and HAMILTON SUNDSTRAND, a corporation, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGY CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 20-cv-574-GPC-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>[ECF No. 74] |

Before the Court is Plaintiffs' Motion for Leave to File a Third Amended Complaint.  ECF No. 74.  Defendants opposed the motion, ECF No. 89, and Plaintiffs replied in support of their motion, ECF No. 92.  For the reasons set forth below, the Court **DENIES** Plaintiffs' motion for leave to file an amended complaint.  The Court further

1

finds this motion is suitable for disposition without a hearing under Civil Local Rule 7.1(d)(1), and hereby **VACATES** the hearing on this matter.

## BACKGROUND

On March 27, 2019, Plaintiff Nathaniel Morgan filed a putative wage-and-hour class action complaint individually, and on behalf of all other non-exempt employees in California, who worked for Defendants Rohr, Inc., Hamilton Sundstrand d/b/a UTC Aerospace Systems d/b/a Collins Aerospace, in Solano County Superior Court.[1] ECF No. 1-1. The complaint asserted claims for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6)failure to furnish accurate itemized wage statements; (7) failure to maintain required records; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (9) unfair and unlawful business practices ("UCL"). ECF No. 1, Defs.' Notice of Removal, at 6. The alleged Class period is between May 5, 2013 until the action settles or proceeds to final judgment. ECF No. 33.

On April 26, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 4. The FAC added an allegation regarding the tolling of the statute of limitations. ECF No. 1-4 ¶ 5.

Defendants removed the case to federal court on May 6, 2019 pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, asserting this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 ("CAFA"), as well as supplemental jurisdiction under 28 U.S.C. § 1367. ECF No. 1, Defs.' Notice of Removal, at 6.

---

[1] The Solano County Superior Court case number is FCS05289.

On June 19, 2020, Plaintiffs filed the Second Amended Complaint ("SAC"). ECF No. 33. The SAC added named Plaintiff Michael Bevan as an individual plaintiff and proposed class representative. *Id.* In August 2021, Magistrate Judge Allison H. Goddard issued a scheduling order, which set the deadline for amended pleadings on October 4, 2020. ECF No. 44.

On January 29, 2021, Defendants produced a sampling of putative class members' identities and contact information, as part of the agreed-upon *Belaire-West* notice process. ECF No. 74-11, Wells Decl. ¶ 5. Plaintiffs' counsel contacted and interviewed putative class members in connection with the anticipated filing of the motion for class certification. *Id.* On April 22, 2021, Ezequiel Mateo Cervantes, the proposed additional class representative who Plaintiffs seek to add to the complaint through the instant motion, retained Plaintiffs' counsel to represent him in his wage and hour claims against Defendants. *Id.* ¶ 7.

## I. The Motion for Class Certification

On April 23, 2021, Plaintiffs moved to certify their class action, with the SAC as the operative complaint. ECF No. 56. Appended to that motion were declarations from a number of putative class members, including a declaration from Mr. Cervantes, which was executed on April 22, 2021.[2] *Id.* In Mr. Cervantes' declaration he stated, "[i]f the court permits this case to proceed as a class action, I would be willing to serve as a class representative." ECF No. 56-40, Cervantes Decl. ¶ 16. Putative class member Kederra McDaniel attested that she would also be willing to serve as a class representative. ECF No. 56-41, McDaniel Decl. ¶ 8.

---

[2] The declarations can be found as exhibits to Plaintiff's motion to certify the class at ECF No. 56, *see, e.g.*, ECF No. 56-40, Declaration of Mr. Cervantes.

The Court issued a scheduling order on Plaintiffs' motion, ECF No. 58, and Plaintiffs and Defendants thereafter filed a joint motion to modify the scheduling order, ECF No. 59. The new scheduling order continued the deadlines for Defendants' response in opposition, which was to be filed on or before June 18, 2021, and Plaintiffs' reply in support of the motion, which was to be filed on or before July 30, 2021. ECF No. 60.

On June 10, 2021, in response to this Court's briefing schedule on the motion to certify the class, and "[b]ecause both sides wish to reserve the right to conduct further discovery pending resolution of the class certification motion" Magistrate Judge Allison H. Goddard vacated all dates in the operative scheduling order. ECF No. 63. The operative scheduling order, ECF No. 44, had set the deadline for the parties to file amended pleadings by October 4, 2020, *id.*

On June 15, 2021, the Court granted a further extension in the briefing schedule on the motion for class certification, allowing Defendants to file their response on June 25, 2021. ECF No. 65. Defendants filed their opposition to class certification on June 25, 2021. ECF No. 67. Plaintiffs filed their reply on August 13, 2021 (allowed for by the ex parte motion to continue their deadline, and subsequent order granting that motion). ECF No. 78. This was more than six weeks after Defendants filed their response in June 2021, and almost four months after Plaintiffs had filed their motion to certify in April 2021.

## II. Plaintiffs' Motion for Leave to Amend

On August 5, 2021, between the time that Defense filed their response to the motion for class certification, and when Plaintiffs filed their reply, Plaintiffs also filed the instant motion asking the Court for leave to amend their complaint and file a Third Amended Complaint. ECF No. 74. Defendants opposed the motion, ECF No. 89, and Plaintiffs filed a reply, ECF No. 92. In their motion for leave, Plaintiffs explicitly state that "Plaintiff[s'] TAC seeks to add an additional named plaintiff and proposed class representative, Ezequiel Cervantes Mateo ("Cervantes"), who, unlike Plaintiffs, did not

belong to a union during his employment with Defendants" and thereby "seeks to eliminate issues raised by Defendants' Opposition to Plaintiffs' Motion for Class Certification," ECF No. 74 at 6.[3]

## LEGAL STANDARD

### I.  Federal Rule of Civil Procedure 16

Once a district court has established a deadline for amended pleadings, and that deadline has passed, a party's ability to amend a pleading is initially governed by Federal Rule of Civil Procedure ("Rule") 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16 provides that a pretrial scheduling order can only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b).

As a threshold matter, Rule 16's "good cause" standard is more stringent than the liberally-construed standard governing amendments more generally under Rule 15. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). When determining whether "good cause" exists, the district court "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. As such, the district court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  In general, when the moving party discovers new facts, this may provide sufficient good cause for a district court to amend the scheduling order, but the diligence inquiry focuses on the time between the moving party's discovery of such facts, and its asking leave of the court to file an amended pleading. *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Further, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is

---

[3] Page numbers are based upon the pagination generated by CM/ECF.

upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

## II. Federal Rule of Civil Procedure 15(a)

If the moving party successfully shows there is "good cause" under Rule 16 for the amendment it seeks, the moving party must then demonstrate the amendment is proper under Rule 15(a). *Id.* at 608. Under Rule 15(a), "a party may amend its pleading only with the opposing party's consent or the court's leave" and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit describes the standard under Rule 15(a) as a "liberal amendment policy." *See Johnson*, 975 F.2d at 609. In evaluating a request under 15(a), the court considers five factors: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Not all of the factors merit equal weight" in the court's analysis. *Eminence Capital, LLC v. Aspen, Inc.*, 316 f.3d 1048, 1052 (9th Cir. 2003). Indeed, "prejudice to the opposing party . . . carries the greatest weight." *Id.*; *see Genentech, Inc. v. Abbot Labs*, 127 F..R.D. 529, 530 (N.D. Cal. 1989) ("The single most important factor is whether prejudice will result to the nonmovant."). However, the party opposing the amendment has the burden of demonstrating the prejudice they expect to face because of the proposed amendment. *In Re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997).

/ / /
/ / /
/ / /
/ / /

# DISCUSSION

## I. Rule 16 Applies to Plaintiffs' Motion

As a threshold matter, the Court must determine whether Plaintiffs' motion for leave to amend must be analyzed under the more stringent Rule 16 standard.

On August 31, 2021, Judge Goddard issued a pretrial scheduling order setting the deadlines in this case. ECF No. 44. That order required the parties to file any amended pleadings on or before October 4, 2020. ECF No. 44.

Plaintiffs contend that Rule 16 does not apply to their motion, and only the "generous" Rule 15(a) standard applies. ECF No. 92, Pls.' Reply at 5. To support their position, Plaintiffs make the following argument: when Judge Goddard vacated the then-operative scheduling order on June 10 2021, that nullified all pretrial deadlines in this case. *Id.* So, even though there *was* a scheduling order which set an October 2020 deadline for all amended pleadings, the vacated scheduling order no longer governs. *See id.* Therefore, Plaintiffs argue, there is effectively no schedule for which the Court must find good cause to modify under Rule 16(b)(4). *Id.*

Defendants contend that "Judge Goddard's vacating the Scheduling Order" in June 2021 "does not revive expired deadlines" like the October 2020 deadline for amended pleadings. ECF No. 89, Defs.' Opp. at 6. More specifically, Defendants argue that when Judge Goddard vacated the then-operative scheduling order in June 2021, she stated it was "because both sides wish to reserve the right to conduct further discovery pending resolution of the class certification motion." ECF No. 63. In Defendants' view, it was for the limited purpose of discovery, not for the already-past deadline for amended pleadings. ECF No. 89, Defs.' Opp. at 6. Further, they state that this "limited purpose is consistent with Plaintiffs' representations to Judge Goddard" during the informal discovery conference the parties jointly requested. *Id.*

Having reviewed the papers submitted by the parties, and Judge Goddard's Order vacating the Scheduling Order, the Court finds that Plaintiffs' motion for leave is governed by Rule 16.  By the time Judge Goddard vacated the scheduling order on June 10, 2021, the deadline to file amended pleadings had expired more than eight months prior.  And by August 2021, when Plaintiffs filed the instant motion, more than ten months had elapsed.  It is not reasonable to interpret the June 10, 2021 Order as reviving expired pretrial deadlines for amending the pleadings.  It is clear from the surrounding circumstances and the language in the Order, that the parties were requesting a modification to the scheduling order for the singular purpose of conducting class-wide discovery—not for the purpose of amending the pleadings.  Accordingly, Plaintiffs are required to demonstrate good cause in their motion for leave to amend and file a TAC.

    a.    *Diligence*

Defendants argue that "Plaintiffs cannot establish good cause under Rule 16 due to lack of diligence" because Plaintiffs obtained Mr. Cervantes' contact information in January 2021, and had considered adding Mr. Cervantes as a named plaintiff since at least April 22, 2021.  ECF No. 7, Defs.' Opp. at 7.  As such, Plaintiffs "could have sought the addition before they filed their Motion for Class Certification on April 24, or before Defendants filed their Opposition on June 25. Instead, they waited until August 5 to file this motion." *Id.*

Because Plaintiff's position is that they are not seeking to modify an operative scheduling order, discussed *supra*, Plaintiffs' argument on Rule 16 is cursory. In Plaintiffs' motion, they state that "good cause exists to allow Plaintiffs to file the [T]AC [sic] to add an additional proposed class representative, because Defendants have asserted that the existing plaintiffs cannot satisfy the typicality requirement for certification purposes." ECF No. 74, Pls.' Mot., at 11.  Therefore, Plaintiffs contend, that Defendants' opposition to the motion for class certification argued Plaintiffs failed to satisfy the

typicality requirement under Rule 23, "this argument serves only as justification for an order granting Plaintiffs leave to file a TAC to address this issue." *Id.* On reply, Plaintiffs renewed their contention that Rule 16 does not apply. ECF No. 92, Pls.' Reply at 5. But, Plaintiffs also argue they were diligent by "notifying Defendants of their intent to [] add Mr. Cervantes as a representative," and that Defendants had ample opportunity to include arguments about Mr. Cervantes in their opposition to the class certification motion. *Id.*

As previously stated, the standard under Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Therefore, the question is whether, upon discovering new information, Plaintiffs were sufficiently diligent in seeking to amend the complaint. The Court finds that Plaintiffs were not. Plaintiffs' argument that they have good cause to file an amended pleading because Defendants pointed out a deficiency in the operative complaint is entirely misguided—the Rule 16 inquiry is not about whether there might be a reason why Plaintiffs would want to amend their complaint, but rather, whether they sought to do so within a reasonable period of time after they discovered new information. Here, Plaintiffs were provided Mr. Cervantes' contact information in January 2021 and filed their motion for class certification on April 24, 2021. In the motion for class certification (that is based on the SAC), Plaintiffs stated they "anticipate[d] seeking to moving for leave to amend to add one or both of these additional plaintiffs (to be heard before the instant motion)." ECF No. 56, Pls.' Mot. to Certify Class, at 25 n. 18. But this did not happen. Plaintiffs did not file the instant motion requesting leave to amend the complaint until *after* Defendants had already filed their opposition to the motion to certify the class. Contrary to Plaintiffs' assertions that they were diligent because they provided some notice to Defendants that they might seek to amend the complaint in their opening brief, the fact that they presented this possibility in April (along with a declaration by Mr. Cervantes), ECF Nos. 56, 56-40,

and did not seek to amend the complaint until August, demonstrates a clear lack of diligence, ECF No. 74.  In fact, Plaintiffs filed the instant motion six weeks *after* Defendants opposed the motion for class certification.  *See* ECF No. 67.  At bottom, Plaintiffs knew they might need to amend the complaint in order to satisfy the requirements for class certification, and stated as much in their motion, *see id.*, but they did not act accordingly, or within a reasonable period of time.

      b.    *Prejudice to Defendants*

As the Ninth Circuit held in *Johnson*, when the court finds the moving party was not diligent, "the inquiry should end," 975 F.2d at 609.  However, the Court briefly addresses the degree of prejudice to Defendants caused by Plaintiffs' delay in seeking leave to amend.

Defendants argue that "Plaintiffs could have, but chose not to, seek the addition before Defendants filed their Opposition."  Defs.' Opp. at 9.  For their part, Plaintiffs disagree.  They argue Defendants are not prejudiced because Defendants "chose not to address" the possibility of Mr. Cervantes being added as a named plaintiff in their opposition to Plaintiffs' motion, ECF No. 92, Pls.' Reply at 4, and because Defendants have already deposed Mr. Cervantes, Wells Decl. ¶ 8.

The Court finds that Defendants would indeed be prejudiced allowing Plaintiffs to amend the complaint, and this further compels denial under Rule 16.  Plaintiffs' representation of the procedural history in this case is not persuasive.  In their own motion for class certification, Plaintiffs stated they anticipated seeking leave to amend, *before* the Court evaluated the briefing on class certification.  And, in that motion, Plaintiffs attached a declaration from the very proposed class representative they seek to now add in an amended complaint.  ECF No. 56-40, Cervantes Decl.  That Plaintiffs told Defendants they *might* seek to amend the complaint to add Mr. Cervantes and/or Ms. McDaniel as class representative(s), and that Defendants already deposed Mr. Cervantes,

is entirely irrelevant to the question of whether Defendants are prejudiced by Plaintiffs' lack of diligence.  It is unclear and unexplained as to why Plaintiffs did not seek leave to amend the complaint *before* moving for class certification, or at the very least, why they did not do so *before* Defendants filed their opposition to the motion for class certification. What is clear is that Plaintiffs were not diligent, and the amended complaint would prejudice Defendants.  As such, the Court finds that Plaintiffs have failed to establish good cause under Rule 16.

## II.     Federal Rule of Civil Procedure 15(a)

Even if Plaintiffs had demonstrated good cause under Rule 16, their motion to amend also fails under Rule 15(a) because the motion was unduly delayed, and severely prejudices Defendants.  As discussed above, prejudice to the nonmovant "carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. The Court briefly addresses the factors under Rule 15(a) which compel the Court to deny Plaintiffs' motion.

a.     *Bad Faith and Undue Delay*

While the Court does not freely accuse parties of bad faith, Defendants have argued that Plaintiffs' decision to only seek leave to amend after Defendants had opposed class certification reveals "improper motives." ECF No. 89, Defs.' Opp. at 13.  At the very least, the fact that Plaintiffs did not seek to amend the complaint either before moving for class certification, or before Defendants opposed the motion, is troublesome. Here, Mr. Cervantes was represented by Plaintiffs' counsel before the filing of the motion for class certification, Wells Decl. ¶ 7—which, again, included a declaration by Mr. Cervantes, stating that he would be willing to serve as a class representative, ECF No. 56-40 ¶ 16.  Yet Plaintiffs have wholly failed to justify the delay between the time when Plaintiffs' counsel became aware of Mr. Cervantes' identity and contact information in January 2021, when Mr. Cervantes' declaration appeared in the motion for class

certification in April 2021, and the filing of the instant motion seeking leave to amend in August 2021. The Court finds this timeline demonstrates an undue delay.

      b.    *Prejudice to Defendants*

As discussed above, the Court finds that if Plaintiffs are permitted to amend the complaint, Defendants would be prejudiced. In the context of the timeline in this case, Plaintiffs had the opportunity to file a motion seeking leave to amend their complaint prior to Defendants' opposition. It was not, as Plaintiffs contend, Defendants' job to anticipate a possible hypothetical future in which Plaintiffs might have filed a new complaint when they opposed Plaintiffs' motion to certify the class based on the *operative* SAC. *See* ECF No. 92, Pls.' Mot. at 4, 6. The Court rejects the contention that Defendants were on notice, and that they could or should have included arguments about Plaintiffs' potential new class representatives in their response in opposition to the motion. *See id.* at 6. The Court finds that Defendants, who have been preparing their case based on the two named class representatives, Mr. Morgan and Mr. Bevan, since June 2020, would be unduly prejudiced if the Court allows Plaintiffs to amend. *Soto v. Castlerock Farming & Transp., Inc.*, 2011 WL 3489876, at *6-7 (E.D. Cal. Aug. 9, 2011) ("Consequently, allowing the naming of a new class representative would unduly prejudice Defendant, because Defendant has been preparing arguments and defenses based upon the identity of the class representatives who have been named since 2009."); *Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) ("Plaintiff contends that his proposed amendments 'will not change [sic] the underlying claims' and that, at most, only 'minor additional discovery' will be necessary. However, Plaintiff's proposed joinder of four new class representatives will unduly prejudice Defendants, who have been preparing their defense based on the identity of the class representative").

   c. *Futility and Number of Amendments*

Plaintiffs submit that their motion for leave and the proposed amended complaint essentially attempt to preempt some of the typicality issues Defendants raised in their opposition for Plaintiffs' motion for class certification by adding Mr. Cervantes as a class representative. Because the Court does not intend to address the merits of Plaintiffs' motion for class certification in deciding on the motion for leave to amend, the Court does not find that Plaintiffs' amendment would be "futile" under Rule 15(a). More to the point is the fact that Plaintiffs could have sought leave to amend their complaint before Defendants responded to the motion to certify the class, and therefore would have avoided these procedural difficulties which prejudice Defendants.

Lastly, the Court observes that its discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir.1990); *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir.1986). Given the fact that Plaintiffs have amended the complaint twice already, this factor also weighs against granting Plaintiffs leave to file a third amended complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for leave to file a third amended complaint. Plaintiffs have failed to demonstrate good cause under Rule 16, which forecloses the Court's analysis, and compels the Court's denial of the motion for leave. Further, even if Plaintiffs' reasoning rose to the level of good cause, the Court exercises its discretion to deny the motion.

**IT IS SO ORDERED.**

Dated: December 1, 2021

                Hon. Gonzalo P. Curiel
                United States District Judge