UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROHR, INC., *et al.*,<br><br>Defendants. | Case No.: 3:20-cv-00574-GPC-AHG<br><br>**ORDER:**<br><br>**(1) RESOLVING JOINT MOTION FOR RESOLUTION OF DISCOVERY DISPUTE BY GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST TO CONDUCT ADDITIONAL DEPOSITIONS; and**<br><br>**(2) AMENDING THE CASE SCHEDULE**<br><br>**[ECF No. 127]** |

Before the Court is the parties' Joint Motion for Resolution of Discovery Dispute (Additional Depositions). ECF No. 127. Pursuant to the Court's Order Setting Deadlines for Motion Practice on Discovery Dispute (ECF No. 126), Defendants also filed a Supplemental Brief in support of their request to exceed the presumptive ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i). ECF No. 128. Upon consideration of the parties' Joint Motion and Defendants' Supplemental Brief, and for the reasons explained more fully below, the Court will **GRANT in part** and **DENY in part** Defendants' request

to conduct additional depositions. Specifically, the Court will allow both sides to designate and depose expert witnesses and will permit Defendants to depose a total of four class members (two per Plaintiff) in order to test the credibility of the two named Plaintiffs. Further, to facilitate the depositions of expert witnesses, the Court will *sua sponte* amend the case schedule to allow the parties additional time to complete discovery and file dispositive motions.

## I.  BACKGROUND

On October 6, 2022, the Court held a Discovery Conference in this matter at the parties' request to address a discovery dispute that had arisen regarding Defendants' request to exceed the presumptive ten-deposition limit set by Fed. R. Civ. P. 30(a)(2)(A)(i). ECF No. 122. Specifically, Defendants seek to conduct an additional twenty depositions as part of post-certification discovery, including nine depositions of Plaintiff Morgan's coworkers and eleven depositions of Plaintiff Bevan's coworkers,[1] on the basis that these twenty class members are "percipient witnesses" who can provide information relevant to Plaintiffs' credibility and their suitability and adequacy as class representatives. *See* ECF No. 127 at 5-6. Although Plaintiffs refuse to stipulate to Defendants' request to exceed the ten-deposition limit in order to depose the proposed twenty non-expert witnesses, Plaintiffs state that they would agree to expand the limitation to allow for depositions of the experts that are designated by both parties before trial. *Id*. at 5.

During the conference, the Court ordered the parties to continue meeting and conferring regarding the dispute and to lodge a Joint Status Report with the Court by October 20, 2022. ECF Nos. 123, 124. After the parties timely lodged the Joint Status Report setting forth each side's position, the Court decided the dispute was ripe for motion practice and instructed the parties to file the Joint Status Report as a Joint Motion for

---

[1] Plaintiffs worked at different facilities and in different roles. Defendants thus seek leave to depose coworkers at each facility to test each Plaintiff's credibility regarding their employment experiences. ECF No. 127 at 6.

Resolution of Discovery Dispute, which they did on October 31, 2022. ECF No. 127. The Court also permitted each side to file an optional supplemental brief on the dispute by November 2, 2022, but only Defendants did so. ECF No. 128. This order follows.

## II.   LEGAL STANDARD

A party seeking to exceed the presumptive ten-deposition limit must establish good cause to do so. *Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 570947, at *2 (D. Ariz. Feb. 5, 2020). Good cause is "a high standard that continues to rise with each request for additional depositions." *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK-SVK, 2018 WL 5023370, at *2 (N.D. Cal. Oct. 16, 2018). Rule 30 directs that the Court "***must*** grant leave" to take additional depositions to a party who has met this standard "to the extent consistent with Rule 26(b)(1) and (2)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2) (emphasis added). *See also Ocean Garden*, 2020 WL 570947, at *2 (noting that the Court "must grant leave" to take additional depositions "to the extent consistent with Rule 26(b)(1) and (2)"); *Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325 FDB, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007) (explaining that "[t]he party seeking leave to take more than ten depositions will be granted such leave if the request is consistent with Rule 26(b)(2).").

Rule 26(b)(1) is the familiar discovery standard under which parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." While Rule 26(b)(1) creates an expansive universe of discoverable information, Rule 26(b)(2) in turn places certain defined boundaries on that universe, by stating that the Court "***must*** limit the frequency or extent of discovery otherwise allowed" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed R. Civ.

P. 26(b)(2)(C)(i)-(ii)[2] (emphasis added).

Therefore, if the Court finds that none of the grounds for limiting discovery outlined in Rule 26(b)(2) applies to Defendants' request to conduct an additional twenty depositions, the Court must grant leave for the additional depositions. On the other hand, the Court must deny the request to the extent any of these grounds do apply.

## III. DISCUSSION

Defendants state that they wish to depose witnesses who "have not been hand-selected by Plaintiffs' counsel" and who "will be able to testify to crucial merits issues for class decertification, notably whether class members received legally-compliant meal periods and whether operations ceased during them[.]" ECF No. 128 at 2. Although Defendants also state more generally that they wish to use the depositions to test Plaintiffs' credibility and to develop the evidentiary record, the only specific factual issue Defendants identify as needing further development is whether class members received legally-compliant meal periods and whether operations ceased during lunch. *Id.*

Considering the applicable standards, the Court finds that Defendants have not established good cause to conduct an additional twenty depositions beyond the presumptive ten-deposition limit. Defendants have had "ample opportunity" to obtain information regarding whether operations ceased during lunch by interviewing their own employees who were putative class members prior to certification. As Plaintiffs point out, Defendants had exclusive access to all employees' contact information prior to certification and submitted 15 employee declarations in opposition to Plaintiffs' certification motion, indicating that they had ample opportunity to interview class members who were not "hand-selected" by Plaintiffs' counsel. *See* ECF No. 127 at 7; ECF No. 167-4 at 6-111. Additionally, having reviewed the declarations, the Court finds that deposing twenty additional class members would be unreasonably duplicative or cumulative because several

---

[2] Rule 26(b)(2) also requires the Court to limit any proposed discovery that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

of the class member declarants expressly stated in their declarations that operations ceased during meal periods. *See, e.g.*, ECF No. 67-4, Alvarez Decl. ¶ 22; Blevins Decl. ¶ 20; Burke Decl. ¶ 23; Cano Decl. ¶ 29; Cervantes Decl. ¶ 25; Fonseca Decl. ¶ 32; Garcia Decl. ¶ 24; Moser Decl. ¶ 24; Walker Decl. ¶ 21; White Decl. ¶ 20; Zmolek Decl. ¶ 35; Harris Decl. ¶ 5. Defendants further acknowledge in their supplemental brief that when they "did get to depose a handful of Plaintiffs' employee-declarants before certification, they admitted that operations cease during meal periods." ECF No. 128 at 3. Therefore, Defendants already have testimony to that effect.

Nonetheless, the Court recognizes that Defendants previously sought to conduct additional depositions prior to certification, and the Court determined that exceeding the ten-deposition limit was premature at that time and that the parties "should be permitted to wait to conduct certain class-wide discovery until after the ruling on Plaintiff's Motion for Class Certification." ECF No. 63 at 2. Further, the Court finds good cause to afford Defendants some leeway to test Plaintiffs' credibility. However, keeping in mind that the "good cause" standard continues to rise with each request for additional depositions, the Court will limit Defendants to four total depositions of class members to test the credibility of Plaintiffs Morgan and Bevan (two per Plaintiff). Defendants may also seek additional testimony regarding cessation of work during meal periods through those four depositions. Any depositions beyond that limit for the purpose of testing Plaintiffs' credibility or developing the cessation-of-work defense would be unreasonably cumulative under Rule 26(b)(2)(C) and shall not be permitted.

Additionally, considering Plaintiffs' willingness to stipulate to the same, the Court will allow each side to conduct additional depositions to allow for depositions of experts. To facilitate expert depositions, the Court hereby *sua sponte* **EXTENDS** certain dates and deadlines in the case schedule as follows:

1. The parties shall designate their respective experts in writing by **December 16, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement

is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 13, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

2. By **December 16, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **January 13, 2023**.

4. All **fact and expert** discovery shall be completed by all parties by **February 10, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of

service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

5. All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **March 8, 2023**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

6. All other pretrial dates, deadlines, and requirements set forth in the Court's previously issued Scheduling Order (ECF No. 115) remain in place, except as explicitly modified herein.

**IT IS SO ORDERED.**

Dated: November 29, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge