1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   NATHANIEL MORGAN, individually and        Case No.:  3:20-cv-00574-GPC-AHG
     on behalf of others similarly situated,
12                                             **ORDER FOLLOWING DISCOVERY**
                                     Plaintiff, **CONFERENCE AND AMENDING**
13                                             **CASE SCHEDULE**
     v.
14
     ROHR, INC., *et al.*,
15
                                    Defendants.
16

17

18        The Court held a Discovery Conference in this matter on January 9, 2023, to discuss

19   a number of disputes between the parties regarding the propriety of deposing or re-deposing

20   certain witnesses. ECF No. 134. During the conference, the Court reviewed the disputes

21   and provided guidance and tentative opinions to the parties on each one to assist them in

22   reaching resolution. This Order memorializes the Court's tentative rulings and the tentative

23   agreements reached by the parties during the conference.[1]

24

25

26   [1] This Order is merely a memorialization of the parties' agreements that they reached
     during the conference to avoid motion practice on the disputes, rather than a formal ruling
27   on hypothetical motions. For that reason, no party is foreclosed from raising the disputes
     at issue by formal motion in order to have a more fulsome opportunity to be heard.
28   However, the Court notes that it has indicated its tentative rulings on all disputes raised

1    First, the parties disagreed regarding whether and when Plaintiff's designated

2    experts should be deposed and/or re-deposed following their review of new class time and

3    pay data that Defendant intends to produce on January 11, 2023. Two of Plaintiff's experts,

4    Gorlick and Steiner, were previously deposed prior to class certification briefing. One

5    expert, Fulimeni, has not yet been deposed. Because the current deadline for supplemental

6    disclosures is January 13, 2023 and the expert discovery cutoff is February 10, 2023,

7    Plaintiff offered to produce Fulimeni for deposition after the expert discovery cutoff to

8    allow her more time to analyze the new data to be produced in January. Plaintiffs did not

9    agree to Gorlick and Steiner being deposed a second time.

10    Based on the Court's guidance during the hearing, the parties agreed that Gorlick,

11    Steiner, and Fulimeni may all be deposed (or re-deposed) after they have had sufficient

12    time to review the new data and to incorporate that data into their expert reports. Although

13    Defendant opposed extending the dates in the case schedule, as the Court explained, it is

14    not reasonable to allow Plaintiff's experts a mere two days to supplement their reports

15    following Defendant's January 11th production. Therefore, to provide Plaintiff's experts

16    adequate time to review the newly produced data before submitting their supplemental

17    reports and being deposed, the Court will extend the deadline for supplemental disclosures,

18    the expert discovery cutoff, and subsequent dates in the case schedule, as set forth in more

19    detail below.

20    Second, the Court explained that it is not inclined to permit Defendant to conduct an

21    additional deposition of absent class member Mr. Hernandez, with the caveat that if

22    Plaintiff plans to call Mr. Hernandez as a witness, Plaintiff's counsel should agree to allow

23

24    _____

25    thus far. Accordingly, should a party seek to engage in motion practice in the future in a
      way that conflicts with the agreements the parties reached during the conference, the Court
26    is likely to impose sanctions if the moving party fails to present new arguments or evidence
27    that would justify a request for the Court to rule contrary to the tentative rulings it has
      already given.
28

3:20-cv-00574-GPC-AHG

him to be deposed. Although Plaintiff's counsel stated that Plaintiff does not currently intend to call Mr. Hernandez as a witness, Defendant sought a more firm commitment from Plaintiff not to call him as a witness or to use documents related to Mr. Hernandez at trial before Defendant would be willing to agree not to seek to compel his deposition. Counsel will continue to meet and confer regarding this issue to try to reach a firm agreement.

Based on the discussions with the parties during the Discovery Conference, and upon consultation with the presiding District Judge, the dates in the case schedule are hereby **AMENDED** as follows:

1.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **<u>January 27, 2023</u>**.[2] By the same deadline, the parties must exchange designations of rebuttal experts. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

2.    All expert discovery shall be completed by all parties by **<u>February 14, 2023</u>**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every

---

[2] As discussed during the conference, Plaintiff reserves the right to request an additional extension of this deadline if, after reviewing the data, Plaintiff's experts state that they require more time to incorporate it into their reports.

1   effort to resolve all disputes without court intervention through the meet and confer

2   process.  If the parties reach an impasse on any discovery issue, the movant must e-mail

3   chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of

4   service of the written discovery response that is in dispute, seeking a telephonic conference

5   with the Court to discuss the discovery dispute. The email must include: (1) at least three

6   proposed times mutually agreed upon by the parties for the telephonic conference; (2) a

7   neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties'

8   position. The movant must copy opposing counsel on the email. No discovery motion may

9   be filed until the Court has conducted its pre-motion telephonic conference, unless the

10   movant has obtained leave of Court. **All parties are ordered to read and to fully comply**

11   **with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

12         3.      All other pretrial motions, including those addressing *Daubert* issues related

13   to dispositive motions must be filed by **April 7, 2023**. Pursuant to Honorable Gonzalo P.

14   Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be

15   accompanied by a separate statement of undisputed material facts.  Any opposition to a

16   summary judgment motion shall include a response to the separate statement of undisputed

17   material facts. Counsel for the moving party must obtain a motion hearing date from the

18   law clerk of the judge who will hear the motion. Motion papers MUST be filed and served

19   the same day of obtaining a motion hearing date from chambers. A briefing schedule will

20   be issued once a motion has been filed. The period of time between the date you request a

21   motion date and the hearing date may vary.  Please plan accordingly.  Failure to make a

22   timely request for a motion date may result in the motion not being heard.

23         4.      Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures,

24   the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda

25   of Law or Contentions of Fact are to be filed.

26         5.      Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by

27   **June 30, 2023**.  At this meeting, counsel shall discuss and attempt to enter into stipulations

28   and agreements resulting in simplification of the triable issues. Counsel shall exchange

copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **July 7, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 14, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

8.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **July 21, 2023** at **1:30 p.m.**  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

9.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

10.    A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

11.    The dates and times set forth herein will not be modified except for good cause shown.

12.    Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10)

3:20-cv-00574-GPC-AHG

1   pages without leave of a district court judge. Briefs and memoranda exceeding ten (10)

2   pages in length shall have a table of contents and a table of authorities cited.

3        All dates and deadlines related to the Mandatory Settlement Conference before

4   Judge Goddard on March 24, 2023 remain in place as previously scheduled.

5        **IT IS SO ORDERED.**

6

7   Dated:  January 11, 2023

8   _____
    Honorable Allison H. Goddard

9   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:20-cv-00574-GPC-AHG