UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN and MICHAEL BEVAN, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ROHR, INC., *et al.*,<br><br>        Defendants. | Case No.:  3:20-cv-00574-GPC-AHG<br><br>**ORDER RESOLVING JOINT MOTION REGARDING MOTIONS TO COMPEL**<br><br>**[ECF No. 145]** |

Before the Court is the parties' Joint Motion, Opposition to Compel Responses to Defendant's Requests for Admission, Set One, Special Interrogatories, Set One. ECF No. 145. The Joint Motion concerns Defendants' request, pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, that the Court compel Plaintiffs to provide supplemental responses to Defendants' Requests for Admission ("RFAs") Nos. 9-11, 17-20 and the Special Interrogatories ("ROGs") corresponding to those RFAs, as well as further supplemental responses to Defendants' ROGs Nos. 5, 6, 15 and 21-23.

Additionally, Plaintiffs raise a new issue in the Joint Motion that arose the day the motion was filed, during the deposition of witness Jose Hernandez, a Rohr employee who submitted a complaint to the California Department of Labor about Defendants' break policies. Defense counsel introduced a document as an exhibit during Mr. Hernandez's

deposition reflecting Mr. Hernandez's written complaint regarding Defendants' break policies during the class period. Plaintiffs contend that these documents were responsive to multiple discovery requests previously propounded by Plaintiffs, one of which sought all documents related to complaints made by covered employees during the covered period that relate to the claims in Plaintiffs' complaint, and another of which sought all documents evidencing or reflecting any amounts owed or required to be paid by Defendant in connection with Mr. Hernandez's case with the California Department of Labor. *See* ECF No. 145 at 13. Plaintiffs argue that Defendants have improperly withheld these and possibly other responsive documents, in violation of their ongoing duty to supplement discovery responses, and ask the Court to compel Defendants to produce all responsive documents. *Id.* at 13-14.

Upon consideration of the parties' briefing, and for the reasons explained more fully below, the Court will **DENY in part** and **GRANT in part** Defendants' motion to compel, and will **GRANT** Plaintiffs' motion to compel.

## I.     BACKGROUND

On February 1, 2023, the Court held a Discovery Conference in this matter at the parties' request to address a number of discovery disputes between the parties. ECF No. 140. The issues addressed during the conference included the named Plaintiffs' disputed responses to (1) Defendant Rohr, Inc's Requests for Admission to Plaintiffs Nathaniel Morgan and Michael Bevan, Set One, Nos. 9-15 and 17-21; (2) Defendant Rohr, Inc.'s Special Interrogatories to Plaintiffs Nathanial Morgan and Michael Bevan, Set One, Nos. 1-25 (all); and (3) Plaintiff Morgan's Requests for Production of Documents (Set Six), Nos. 1-14. During the conference, the Court issued tentative rulings and guidance regarding the disputes. Thereafter, the Court issued an order memorializing its tentative rulings, but set a briefing schedule for the parties to engage in motion practice if either side wished to be heard more fully on any of the disputes at issue. ECF No. 141. The instant Joint Motion followed. ECF No. 145.

\\

## II.   LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure dictates the scope of permissible discovery, setting forth the familiar standard that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In considering relevance and proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Pertinent here, Rules 33 and 36 of the Federal Rules of Civil Procedure govern interrogatories and requests for admission, respectively. Specifically, Rule 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Similarly, under Rule 36, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Therefore, as is evident from the plain text of Rules 33 and 36, the relevance and proportionality factors contained in Rule 26(b) and discussed above constrain the permissible scope of all written discovery. Each of these rules incorporates those constraints by reference.

There are three possible responses to a request for admission pursuant to Rule 36: admit, deny, or state that the responding party lacks sufficient information to admit or deny. The Rule further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable

inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

The responding party must "undertake a 'good faith' investigation of sources reasonably available to him or her in formulating answers to request for admissions (similar to the duty owed in responding to interrogatories)." *U.S. ex rel. Englund v. L.A. Cty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *see also* Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment ("The revised rule requires [] that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him."). A "reasonable inquiry" is "limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)." *Englund*, 235 F.R.D. at 685. Thus, under the Rule, the responding party has a "duty" to obtain information "from persons and entities over which it has actual control." *Id.* If a responding party fails to admit or deny a matter "where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny[,]" the Court may, as a sanction, deem the matter admitted. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). On the other hand, if a party fails to carry out his duty to undertake a reasonable inquiry by informing himself before answering, that party may be subject to Rule 37(c) sanctions in the award of costs after trial. Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment; *Englund*, 235 F.R.D. at 685.

As mentioned above, Defendants style their request as a motion to compel. However, Rule 37(a)(3)(B) describes the types of discovery that are appropriate subjects of a motion to compel discovery responses, including deposition questions, 30(b)(6) or 31(a)(4) designations, interrogatories, and requests for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). A requesting party who wishes to challenge the sufficiency of a response to a request

for admission must instead do so pursuant to Rule 36(a)(6).[1] Under that provision, the requesting party "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). Unless the Court finds an objection justified, it must order than an answer be served. *Id.* Further, if the Court finds that an answer does not comply with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." *Id.*

The party moving to compel discovery has the burden of demonstrating that the discovery sought meets the relevance, proportionality, and other requirements of Rule 26. *Hegarty v. Transamerica Life Ins. Co.*, No. 19-CV-06006-MMC (RMI), 2021 WL 4899482, at *2 (N.D. Cal. Oct. 21, 2021); *see also Starkey v. Hernandez*, No. 3:17-CV-01158-JLS-KSC, 2018 WL 6075809, at *2 (S.D. Cal. Nov. 21, 2018) ("When a party objects to a discovery request, it is the burden of the party moving to compel to demonstrate why the objection is not justified. As the moving party, plaintiff has the burden of informing the Court why the information he seeks is relevant and proportional to the needs of the case") (internal citations omitted); *Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 WL 5854397, at *2 (N.D. Cal. Nov. 21, 2011) ("To succeed on a motion to compel, the moving party bears the burden of demonstrating that it is entitled to the requested discovery and has satisfied the proportionality and other requirements of Rule 26").

## III.   DISCUSSION

In the Joint Motion, Defendants request that the Court compel Plaintiffs to provide supplemental responses to the following written discovery requests, which are separated by category:

---

[1] Defendants also seek to compel supplemental responses to the special interrogatories corresponding to the RFAs at issue, an issue which is appropriately raised via a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii).

(1) RFAs 9-11 and 19, and the corresponding Special ROGs 9-11 and 19 (seeking admissions that "at least one CLASS MEMBER" or "some CLASS MEMBERS" were not subject to certain meal period and wage statement violations alleged by Plaintiffs, and the factual bases for any answers that were not unqualified admissions);

(2) RFAs 17-18, 20, and the corresponding Special ROGs 17-18 and 20 (seeking admissions that the individual Plaintiffs "do not know" certain information regarding other class members' meal periods and wage statements, and the factual bases for any answers that were not unqualified admissions);

(3) ROGs 15 and 21-22 (seeking the factual grounds upon which Plaintiffs rested their responses to RFAs demanding the Plaintiffs admit they "do not know" certain information regarding cessation of operations during meal periods and their receipt of bonus payments, as well as the factual grounds supporting their responses to a request for admission that class members received a paid wash-up period before meal periods);

(4) ROG 23 (seeking the identities of all employees who missed meal periods during the class period, but only within the individual Plaintiffs' personal knowledge); and

(5) ROGs 5-6 (seeking the factual grounds upon which Plaintiffs rested their responses to RFAs regarding whether Defendant Rohr, Inc. correctly calculated the regular rate of pay for compensation and provided legally compliant wage statements). ECF No. 145 at 4-13.

Additionally, in the Joint Motion, Plaintiffs raise a new issue that arose during the February 24, 2023 deposition of class member Jose Hernandez. *Id.* at 13. Specifically, during the deposition, Defendants introduced a document as an exhibit reflecting a written complaint that Mr. Hernandez submitted regarding Defendants' break policies during the class period. *Id.* Plaintiffs contend that this document is responsive to at least two of its Requests for Production but was improperly withheld, indicating that Defendants may be withholding other responsive documents. *Id.* at 13-14. Therefore, Plaintiffs asks that Defendants be ordered to comply with the ongoing requirement to supplement their responses to discovery requests by producing all responsive documents. *Id.*

The Court will discuss the disputed written discovery responses raised by Defendants before turning to the issue raised by Plaintiffs.

**A. Defense RFAs 9-11, 17-20, and corresponding ROGs**

Defendant's RFAs 9-11 and 17-20[2] are as follows:

RFA No. 9: Admit for at least one pay period during the CLASS PERIOD, some CLASS MEMBERS were not subject to any alleged failure by DEFENDANT to provide legally required meal periods.

RFA No. 10: Admit at least one CLASS MEMBER was not subject to any alleged failure by DEFENDANT to provide accurate itemized wage statements.

RFA No. 11: Admit at least one CLASS MEMBER was not subject to any alleged failure by DEFENDANT to properly record and provide legally required meal periods.

RFA No. 17: Admit YOU do not know whether every CLASS MEMBER, aside from YOU, missed some of their meal periods because of work demands.

RFA No. 18: Admit YOU do not know whether any CLASS MEMBER, aside from YOU, missed all of their meal periods because of work demands.

RFA No. 19: Admit other CLASS MEMBERS waived their second meal period during shifts of 12 hours or less.

RFA No. 20 (to Plaintiff Bevan): Admit YOU do not know whether other CLASS MEMBERS, aside from YOU, Nathaniel Morgan, and Antonee Harris, received itemized wage statements that included non-discretionary bonus payments.

RFA No. 20 (to Plaintiff Morgan): Admit YOU do not know whether other CLASS MEMBERS, aside from YOU, Michael Bevan, and Antonee Harris, received itemized wage statements that included non-discretionary bonus

---

[2] Defendant served nearly identical RFAs on each individually named Plaintiff. Therefore, the Court will not list the RFAs for each Plaintiff separately except where there is a substantive difference between the two requests.

payments.

The corresponding interrogatories seek "all facts for which [Plaintiffs] base [their] response" if their response to the corresponding RFA is anything other than an unqualified admission.

Plaintiffs did not admit or deny any of these requests, instead raising a number of objections, including but not limited to that the requests call for a legal conclusion, call for an expert opinion, are premature, and call for speculation given that discovery was ongoing and Defendants had not yet produced the complete set of time and pay data for the class members following the class notice procedure. Plaintiffs also objected on grounds of overbreadth, lack of proportionality, work-product and attorney-client privilege, and undue burden, and raised vagueness/ambiguity objections to certain terms used in the requests. Finally, Plaintiffs reserved the right to supplement their responses to the requests, noting that discovery was ongoing. The Court will not discuss all of Plaintiffs' objections in this Order and will instead focus on those arguments raised in the briefing. *See, e.g.*, *Sherwin-Williams Co. v. Earl Scheib of Cal. Inc.*, No. 12-cv-2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, and limiting its review to arguments in the parties' briefs).

During the conference, the Court issued its tentative guidance that these requests were prematurely raised given that the parties' deadline to exchange supplemental expert reports and the deadline to complete expert discovery had not yet passed, and the matters at issue in these requests overlap with the matters on which the experts are expected to testify. ECF No. 141 at 2. In particular, these requests seek the personal knowledge of the individually named Plaintiffs regarding whether Defendant Rohr, Inc. ("Rohr" or "Defendant") complied with the law governing meal periods and wage statements with respect to "at least one" class member or "at least one" pay period, issues on which both side's experts have prepared reports based on their analysis of the time and pay data for all class members throughout the relevant time period. For that reason, the Court anticipated

that Defendants might agree that they did not need to obtain such discovery through RFAs once they had obtained the same information from expert discovery. Accordingly, the Court set a follow-up discovery conference for March 6, 2023, to discuss whether Defendants still felt supplemental responses to this written discovery were necessary after receiving more information from Plaintiff's experts on the same topics. *Id.*

Defendants elected to brief the issue instead, explaining in their motion to compel that they specifically seek the individually named Plaintiffs' personal knowledge on each of these RFAs, and that they intended to use these RFAs "to test Plaintiffs' personal knowledge regardless of whether [Rohr] had the opportunity to conduct expert discovery." ECF No. 145 at 5. Therefore, the Court vacated the follow-up conference and took the motion under submission. ECF No. 146.

In their motion to compel responses to these RFAs, Defendants argue that it is appropriate to use RFAs "to prove the responding party's personal knowledge (or lack thereof)." ECF No. 141 at 2. However, the law Defendants cite in support of this proposition is unavailing. First, Defendants cite *Unicolors Inc. v. Kohl's Dep't Stores, Inc.*, No. CV 17-4073-GW (PLAX), 2018 WL 5274584, at *6 (C.D. Cal. Mar. 6, 2018). In *Unicolors*, the circumstances before the court were the inverse of the circumstances before the Court now. That is, the plaintiffs there asserted lack of knowledge or information as a reason they failed to admit or deny the RFAs. The court explained that an answering party may assert lack or information as a reason for failing to admit or deny "only if the party states that it has made reasonable inquiry *and* that the information it knows or can readily obtain is *insufficient to enable it to admit or deny.*" *Id.* at *8 (emphasis in original) (quoting Fed. R. Civ. P. 36(a)(4)). Similarly, in another case cited by Defendants, *S.E.C. v. Goldstone*, the court explained that if the defendants asserted lack of sufficient information to admit or deny a certain RFA, "rule 36(a)(4) requires the Defendants to state that they have undertaken a reasonable inquiry, and that the information they know or could readily obtain is insufficient to enable the Defendants to either admit or deny. A reasonable inquiry means that a party has to ask their counsel, and if their counsel knows the answer, they

need to use that information to admit or deny the RFA." 300 F.R.D. 505, 526 (D.N.M. 2014).

These cases are in line with the general rule that a responding party ***may not limit*** its responses to RFAs to the responding party's own personal knowledge. Instead, the responding party must undertake a good faith investigation of sources reasonably available to him in formulating answers to RFAs, and may not assert lack of personal knowledge as a reason for failing to admit or deny.[3] They do not stand for the inverse proposition that the requesting party is entitled to responses that are informed solely by the personal knowledge of the responding party. Defendants argue that "if Plaintiffs lack such personal knowledge, they should deny and provide the facts upon which they base their response, including a lack of personal knowledge." ECF No. 145 at 5. However, as already explained, the responding party has a ***duty*** to undertake a reasonable inquiry by obtaining information "from persons and entities over which it has actual control" before answering, and might be subject to sanctions if he fails to do so. Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment; *Englund*, 235 F.R.D. at 685. Defendants' proposal that Plaintiffs ignore their duty to obtain information reasonably available to them before answering and to instead answer solely based on their personal knowledge (or lack thereof) is untenable.

For these reasons, the Court will sustain Plaintiffs' objections that the requests are premature, because they seek to limit Plaintiffs' responses to information solely within the individual Plaintiffs' personal knowledge, before Plaintiffs have fulfilled their duty of

---

[3] The third case on which Defendants rely, *Diederich v. Dep't of Army*, stands for the proposition that a responding party cannot refuse to answer an RFA on the basis "that the matter is already within [the proponent's] knowledge," because "the purpose of requests for admissions are to seek [the responding party's] agreements as to alleged fact." 132 F.R.D. 614, 617 (S.D.N.Y. 1990). Defendants quote a headnote in the case stating that the "proponent may compel recipient to admit or deny facts of which ***recipient*** has personal knowledge," but the text of the opinion actually deals with the propriety of compelling the recipient to admit or deny facts of which the ***proponent*** already has personal knowledge. *See id.* at 616-17. It is therefore not applicable to the issue at hand.

obtaining information from such sources as the expert reports, expert deposition testimony, and other information obtained by counsel through discovery.

To the extent Defendants want to pinpoint exactly what the individual Plaintiffs personally know, the attempt to obtain such discovery through RFAs is unduly burdensome and not proportional to the needs of the case. The purpose of RFAs is to establish certain material facts as true and thus to narrow the range of issues for trial. *Asea*, 669 F.2d at 1245. Therefore, just as a responding party cannot avoid being pinned down to facts that are essentially undisputed by asserting lack of personal knowledge, neither can a requesting party insist that the responding party provide an incomplete response based on ***solely*** his personal knowledge, without reference to information that is reasonably available to them through discovery. Inquiries into what the individually named plaintiffs personally know are better suited for deposition questions than for RFAs. For that reason, compelling the individual Plaintiffs to respond to the RFAs without reference to expert testimony or other information obtained by counsel through discovery would be unduly burdensome and disproportionate to the needs of the case. *See, e.g.*, *Frieri v. Sysco Corp.*, No. 3:16-CV-01432-JLS-NLS, 2017 WL 3387713, at *9 (S.D. Cal. Aug. 4, 2017) (denying motion to compel responses to interrogatories where "other means and methods [of] discovery, including requests for admission and depositions, are better suited to obtain the relevant information sought, rendering these requests unduly burdensome and disproportionate to the needs of the case"); *Mattel, Inc. v. MGA Ent., Inc.*, No. CV 04-9049 DOC (RNBx), 2010 WL 11463909, at *6 (C.D. Cal. June 14, 2010) (finding a 30(b)(6) deposition topic category to be "ill suited for deposition and better addressed through other methods of discovery" and accordingly denying a motion to compel the responding party to produce a 30(b)(6) witness to testify on that topic).

Defendants had to the opportunity to depose the individual Plaintiffs on February 28, 2020 (Plaintiff Morgan) and February 8, 2021 (Plaintiff Bevan), and could have obtained information from them at that time regarding matters within their personal knowledge alone. ECF No. 149 at 3. That is the appropriate avenue to discover information

that is solely within the knowledge of the individual Plaintiffs. Defendants' motion to compel responses to RFAs 9-11 and 17-20 is accordingly **DENIED**.[4]

### B. Defense ROGs 15, 21-22

Defendant's ROGs 15 and 21-22 seek "all facts for which [Plaintiffs] base [their] response" to the corresponding RFAs, if their response is not an unqualified admission.

The corresponding RFAs and Plaintiffs' responses are outlined in the chart below:

| RFA No. 15 **to Bevan** | Admit YOU do not know whether operations ceased during meal periods during the portion of the CLASS PERIOD following YOUR termination on October 16, 2019. | Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff objects that this request is unintelligible and lacks foundation – Plaintiff's employment with Defendant was not ultimately terminated in October 2019 and instead, Plaintiff has continued working for Defendant up to the present date. Plaintiff further objects that the request is harassing, oppressive and unduly burdensome – including to the extent that it expressly purports to seek information regarding departments and locations at which Plaintiff did not personally work. Plaintiff further objects to this request on the grounds that it calls for a legal conclusion, and to the extent that it calls for an expert opinion. Plaintiff further objects to this request on the grounds that it is premature and that discovery is ongoing at this time; for example, Defendant has not yet produced the complete set of time/pay data for the "CLASS MEMBERS," which may bear on the response to this |

---

[4] Plaintiffs stated in their responses to the RFAs that they were willing to supplement following further discovery and investigation, including review of the supplemental expert reports incorporating the data from Defendant's most recent document production. Defendant, however, has made clear that it is not seeking fulsome responses to its requests encompassing all information available to Plaintiffs following a reasonable inquiry, including information obtained by their counsel through discovery. Rather, Defendant wants to compel Plaintiffs to answer the requests based solely on the personal knowledge of the individual Plaintiffs, even though many of the requests clearly require application of the law to the facts, which would be beyond the scope of the individual Plaintiffs' personal knowledge (e.g., whether Defendant provided "legally required" meal periods, or whether Defendant's wage statements were "in compliance with California Labor Code § 226"). As explained, the Court finds that using RFAs to "test[] Plaintiffs' personal knowledge" is not proportional to the needs of the case, particularly given that Defendant has had the opportunity to inquire into the individual Plaintiffs' personal knowledge of the facts through deposition testimony. Therefore, the Court will not require Plaintiffs to supplement their responses further.

| | | |
|---|---|---|
| | | request. Plaintiff further objects to the request to the extent that it seeks information which is not relevant. Plaintiff objects to the request to the extent that it is overbroad – Plaintiff's response is expressly limited to Plaintiff [] individually based on the definition of the term "YOU" as defined in the requests. Plaintiff objects that this request seeks information in excess of F. R. Civ. P. Rule 26(b)(3)(A), including by seeking discovery of documents or information prepared by counsel in preparation for trial or work product. Plaintiff further objects to the request because it is compound, and because it seeks information equally or more available to Defendant. Plaintiff further objects to this request because it seeks information protected by the attorney client privilege, the attorney work product doctrine and any other protection or immunity. Plaintiff objects that this request fails to satisfy the proportionality requirement for federal discovery as set forth in F. R. Civ. P. Rule 26(b)(1). Plaintiff objects that the request is vague, ambiguous, and unintelligible, including but not limited to, with respect to the terms "shifts," "cease," "facilities" and "which YOU did not work." Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.<br><br>**SUPPLEMENTAL RESPONSE** served 2/9/23: Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections to this request. Subject to and without waiving such objections, Plaintiff responds as follows: The request lacks foundation with respect to the purported termination date; Plaintiff is a current employee of Defendant as of the date of these responses. Subject to Plaintiff's understanding of this request, deny. Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so. |
| RFA No. 15 **to Morgan** | Admit YOU do not know whether operations ceased during meal periods during the portion of the CLASS PERIOD following YOUR termination on December 9, 2016. | Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects that the request is harassing, oppressive and unduly burdensome – including to the extent that it expressly purports to seek information regarding departments and locations at which Plaintiff did not personally work. Plaintiff further objects to this request on the grounds that it calls for a legal conclusion, and to the extent that it calls for an expert opinion. Plaintiff further objects to this request on the grounds that it is premature and that discovery is ongoing at this time; for example, Defendant has not yet produced the complete set of time/pay data for the "CLASS MEMBERS," which may bear on the response to this request. Plaintiff further objects to the request to the extent that |

| | | |
|---|---|---|
| | | it seeks information which is not relevant. Plaintiff objects to the request to the extent that it is overbroad – Plaintiff's response is expressly limited to Plaintiff individually based on the definition of the term "YOU" as defined in the requests. Plaintiff objects that this request seeks information in excess of F. R. Civ. P. Rule 26(b)(3)(A), including by seeking discovery of documents or information prepared by counsel in preparation for trial or work product. Plaintiff further objects to the request because it is compound, and because it seeks information equally or more available to Defendant. Plaintiff further objects to this request because it seeks information protected by the attorney client privilege, the attorney work product doctrine and any other protection or immunity. Plaintiff objects that this request fails to satisfy the proportionality requirement for federal discovery as set forth in F. R. Civ. P. Rule 26(b)(1). Plaintiff objects that the request is vague, ambiguous, and unintelligible, including but not limited to, with respect to the terms "shifts," "cease," "facilities" and "which YOU did not work." Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.<br><br>**SUPPLEMENTAL RESPONSE** served 2/9/23: Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections to this request. Subject to and without waiving such objections, and subject to Plaintiff's understanding of this request, Plaintiff responds as follows: deny. Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so. |
| RFA No. 21 | Admit YOU do not know why YOU received any bonus payments. | Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects that the request is harassing, oppressive and unduly burdensome. Plaintiff further objects to this request on the grounds that it calls for a legal conclusion, and to the extent that it calls for an expert opinion. Plaintiff further objects to this request on the grounds that it is premature and that discovery is ongoing at this time; for example, Defendant has not yet produced the complete set of time/pay data for the "CLASS MEMBERS," which may bear on the response to this request. Plaintiff further objects to the request to the extent that it seeks information which is not relevant nor reasonably likely to lead to discovery of admissible evidence. Plaintiff's response is expressly limited to Plaintiff [] individually based on the definition of the term "YOU" as defined in the requests. Plaintiff objects that this request seeks information in excess of F. R. Civ. P. Rule 26(b)(3)(A), including by seeking discovery |

| | | |
|---|---|---|
| | | of documents or information prepared by counsel in preparation for trial or work product. Plaintiff further objects to the request because it is compound, and because it seeks information equally or more available to Defendant. Plaintiff further objects to this request because it seeks information protected by the attorney client privilege, the attorney work product doctrine and any other protection or immunity. Plaintiff objects that this request fails to satisfy the proportionality requirement for federal discovery as set forth in F. R. Civ. P. Rule 26(b)(1). Plaintiff objects that the request is vague, ambiguous, overbroad and unintelligible as to "bonus payments" and as to time. Discovery and investigations are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.

**SUPPLEMENTAL RESPONSE** served 2/9/23: Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections to this request. Subject to and without waiving such objections, Plaintiff responds as follows: Subject to Plaintiff's understanding of this request, deny. Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so. |
| RFA No. 22 | Admit that during the CLASS PERIOD, CLASS MEMBERS received a five minute, paid wash-up period before taking a meal period. | Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects that the request is harassing, oppressive and unduly burdensome—including to the extent that it expressly purports to seek information regarding departments and locations at which Plaintiff [Morgan/Bevan] did not personally work. Plaintiff further objects to this request on the grounds that it calls for a legal conclusion, and to the extent that it calls for an expert opinion. Plaintiff further objects to this request on the grounds that it is premature and that discovery is ongoing at this time; for example, Defendant has not yet produced the complete set of time/pay data for the "CLASS MEMBERS," which may bear on the response to this request. Plaintiff further objects to the request to the extent that it seeks information which is not relevant. Plaintiff objects to the request to the extent that it is overbroad – Plaintiff's response is expressly limited to Plaintiff [Morgan/Bevan] individually based on the definition of the term "YOU" as defined in the requests. Plaintiff objects that this request seeks information in excess of F. R. Civ. P. Rule 26(b)(3)(A), including by seeking discovery of documents or information prepared by counsel in preparation for trial or work product. Plaintiff further objects to the request because it is compound, and because it seeks |

|  |  | information equally or more available to Defendant. Plaintiff further objects to this request because it seeks information protected by the attorney client privilege, the attorney work product doctrine and any other protection or immunity. Plaintiff objects that this request fails to satisfy the proportionality requirement for federal discovery as set forth in F. R. Civ. P. Rule 26(b)(1). Plaintiff objects that the request is vague, ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Subject to Plaintiff's understanding of this request, deny. Discovery and investigation are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so. |
|---|---|---|

Plaintiffs supplemented their responses to ROGs 15 and 21 on February 9, 2023, in accordance with the Court's tentative guidance during the Discovery Conference that Plaintiffs should supplement their responses to RFAs 12-16 and 21 and the corresponding ROGs. *See* ECF No. 141 at 1-2. Plaintiffs' supplemental responses to the corresponding ROGs are as follows:

**Supplemental response to ROG 15 (Morgan):** Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections to this request. Subject thereto, and subject to Plaintiff's understanding of this request, Plaintiff responds as follows: PLAINTIFF's response is based upon information available to PLAINTIFF and his counsel through discovery that has been produced in this action to date, which pertains to the CLASS PERIOD and not only to the period of PLAINTIFF's employment. Discovery and investigations are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.

**Supplemental response to ROG 15 (Bevan):** Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections to this request. Subject thereto, and subject to Plaintiff's understanding of this request, Plaintiff responds as follows: Plaintiff was not terminated in October 2019, and instead, has continued working for Defendant up to and including the date of these responses. PLAINTIFF has knowledge of policies and practices throughout the duration of his employment, including after October 2019. Discovery and investigations are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any

1    obligation to do so.

2

3    **Supplemental response to ROG 21 (same for both Plaintiffs):** Plaintiff
     hereby incorporates by specific reference each of Plaintiff's original
4    objections to this request. Subject thereto, and subject to Plaintiff's
     understanding of this request, Plaintiff responds as follows: PLAINTIFF and
5    other CLASS MEMBERS received additional forms of remuneration in
     addition to their normal hourly wages, as evidenced and described in the
6    testimony of DEFENDANT's person(s) most qualified, policy documents and
7    other discovery produced in the action to date. PLAINTIFF and other CLASS
     MEMBERS received additional remuneration including but not limited to,
8    shift differentials, shift premiums, and non-discretionary bonuses. CLASS
     MEMBERS received shift differentials/shift premiums, contract signing
9    bonuses, performance bonuses, among other forms of remuneration.
10   Discovery and investigations are ongoing.  Plaintiff reserves the right to
     supplement and/or amend his response to this request, while denying any
11   obligation to do so.

12

13   Defendants argue Plaintiffs should be required to supplement their responses to

14   ROG No. 22 to outline the facts upon which they base their denials of RFA No. 22. ECF

15   No. 145 at 9. Because Defendant's RFA No. 22 and the corresponding Interrogatory were

16   not discussed during the conference, Plaintiffs did not supplement their responses to that

17   ROG and argue that the motion to compel is improper for that reason. *Id.* at 16-19.

18   Additionally, Plaintiffs contend the request is "prematurely raised" because, like the other

19   requests addressed above, it implicates issues that overlap with expert discovery. *Id.* at 23.

20       For the reasons explained above with respect to RFAs 9-11 and 17-20, the Court

21   denies Defendants' motion to compel a further response to ROG No. 22. RFA No. 22 and

22   the corresponding ROG pertain to whether class members "received a five minute, paid

23   wash-up period before taking a meal period" during the class period, and all facts on which

24   Plaintiffs base their denial of the same. These are issues on which both sides' experts have

25   prepared reports and are expected to give testimony. Therefore, the Court once more finds

26   that there are better means and methods of discovery to obtain the information sought and

27   sustains Plaintiffs' objections that the requests are disproportionate to the needs of the case.

28   Defendant's motion to compel a further response to ROG No. 22 is **DENIED**.

Defendants next argue Plaintiffs' responses to ROGs 15 and 21 are insufficient. With respect to ROG 15, Defendants contend Plaintiffs "fail to state any ***facts*** and base their responses on information 'available to PLAINTIFF and his counsel through discovery that has been produced in this action…' [but ROG 15] does not seek the source of the information upon which Plaintiffs rely, but rather the ***facts*** as to cessation of operations. General citations to discovery as a source of information, but not to the information itself, does not answer the Interrogatory." ECF No. 145 at 8-9. Similarly, with respect to ROG 21, Defendants argue that Plaintiffs' responses do not address the substance of the corresponding RFA; instead, the denial "is based on deposition testimony and Plaintiffs' belief that employees received 'non-discretionary bonuses', rather than their belief as to the reason ***why*** they received bonuses. Responding that they received non-discretionary bonuses does not answer the question as to ***why*** each received the bonus." *Id.* at 9.

The Court finds Defendant's arguments unavailing. RFA No. 15 asks the Plaintiffs to "**admit you do not know whether** operations ceased during meal periods" outside of the time period when the named Plaintiffs were individually employed (emphasis supplied). Therefore, a denial of this RFA amounts to a denial that Plaintiffs lack knowledge of facts outside the time they were individually employed. Because, as explained above, Plaintiffs have a duty under Rule 36 to inform themselves of readily available information before responding to RFAs, it is appropriate for them to explain their denials by referencing the source of information regarding time periods when they were not employed by Rohr. That is, the fact that Plaintiffs have access to information available to counsel through discovery (and not just personal firsthand knowledge) is indeed the basis of their denials of lack of knowledge regarding cessation of operations when they were not working there. Defendant's motion to compel a further response to ROG No. 15 is thus **DENIED**.

Turning to ROG No. 21, the corresponding RFA demands Plaintiffs admit that they "do not know why [they] received **any** bonus payments" (emphasis supplied). Plaintiffs' corresponding ROG responses explain that the Plaintiffs and other class members received

bonuses such as "shift differentials, shift premiums, [] non-discretionary bonuses[,] contract signing bonuses, [and] performance bonuses, among other forms of remuneration." This response properly explains that Plaintiffs do know why they received at least some bonus payments—e.g., some of the bonuses were shift differentials, shift premiums, contract signing bonuses, and performance bonuses. That is the reason they denied the RFA. Neither the RFA nor Plaintiffs' responses are limited to non-discretionary bonuses. Defendants' request to compel a further response to ROG No. 21 is **DENIED**.

### C. Defense ROG 23

Defendant Rohr served the following Special Interrogatory No. 23 on the Plaintiffs Morgan and Bevan:

> ROG No. 23 (to Bevan): Identify all employees of ROHR, other than YOU, Nathaniel Morgan, or Antonee Harris who, to your knowledge, missed meal periods during the CLASS PERIOD.

> ROG No. 23 (to Morgan): Identify all employees of ROHR, other than YOU, Michael Bevan, or Antonee Harris who, to your knowledge, missed meal periods during the CLASS PERIOD.

Initially, Plaintiffs objected to these Interrogatories on a number of grounds, including but not limited to that Defendants had exceeded the number of Interrogatories permitted without leave of Court in violated of Rule 33, undue burden, overbreadth, attorney-client privilege and work-product doctrine, cumulative/duplicative, that the Interrogatories call for a legal conclusion, and that they seek information equally or more available to Defendant. During the Discovery Conference, the Court instructed Plaintiffs to supplement their responses and to affirm that they have produced all documents that would be identified in response to this Interrogatory. Following the Discovery Conference, each Plaintiff supplemented his response to ROG No. 23 as follows:

> Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections and prior response(s) to this request. Subject thereto, and subject to Plaintiff's understanding of this request, Plaintiff responds as follows: PLAINTIFF alleges that DEFENDANT's common meal period policies applied to all CLASS MEMBERS during the CLASS PERIOD. CLASS

MEMBERS identities and contact information is equally or more available to DEFENDANT. Discovery and investigations are ongoing. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.

Like many of the requests already discussed, Defendants argue that this ROG seeks information pertaining to Plaintiffs' "personal knowledge of those they witnessed or otherwise came to learn of missed meal periods." ECF No. 145 at 10. Therefore, Defendants contend Plaintiffs' objections on the basis of undue burden, overbreadth, etc. are meritless "because the interrogatory calls only for information within each Plaintiff's personal knowledge. . . . Rohr asks Plaintiffs to name only those employees who Plaintiffs **know** missed meal periods. Rohr does not ask Plaintiff to list every employee who had a late, short, or missed meal period." *Id.*

However, like Rule 36, "Rule 33 imposes a duty on the responding party to secure all information *available* to it." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) (emphasis in original). *See also S.E.C. v. Mazzo*, No. SACV 12-1327 DOC (AN), 2013 WL 12172628, at *4 (C.D. Cal. Oct. 24, 2013) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party.") (quoting 7 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE, § 33.102[1], at 33-72). Therefore, Defendant's argument is not well-taken. Interrogatories are not a means of discovery that are well-suited for inquiries into the named Plaintiffs' personal knowledge alone, without reference to information available to them through discovery. Defendant's motion to compel a further response to this Interrogatory is therefore **DENIED**.

### D. Defense ROGs 5-6

In the Joint Motion, Defendants raise an issue for the first time regarding the sufficiency of Plaintiffs' responses to defense ROGs 5 and 6, which correspond to RFAs 5 and 6. Defendants' RFAs 5 and 6 seek the following information:

RFA No. 5: "Admit DEFENDANT correctly calculated the regular rate of pay for compensation for all CLASS MEMBERS during the CLASS PERIOD."

3:20-cv-00574-GPC-AHG

RFA No. 6: "Admit DEFENDANT provided accurate and itemized wage statements in compliance with California Labor Code § 226 to all CLASS MEMBERS during the CLASS PERIOD."

Plaintiffs raised a number of objections to these RFAs, but denied them subject to and without waiving the objections.

The corresponding ROGs in turn request "all facts for which [Plaintiffs] base [their] response" if their "response to [the corresponding RFA] is not an unqualified admission."

Each Plaintiff served the following supplemental responses to the ROGS at issue on February 9, 2023:

**ROG No**. **5 supplemental response [same for both Plaintiffs]:** Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections and response to this request. Subject to and without waiving such objections, Plaintiff responds as follows: Plaintiff alleges that Defendants failed to properly calculate the regular rate of pay for purposes of paying all compensation owed to all CLASS MEMBERS during the CLASS PERIOD, including for purposes of paying overtime, by failing to include all forms of remuneration when calculating the regular rate of pay (such as the value of shift differentials, shift premiums, non-discretionary bonuses, the value of gift cards, commissions and/or other forms of remuneration). Plaintiffs' counsel's trial preparations are ongoing, as is discovery and investigation in this matter. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.

**ROG No. 6 supplemental response [same for both Plaintiffs]:** Plaintiff hereby incorporates by specific reference each of Plaintiff's original objections and response to this request. Subject to and without waiving such objections, Plaintiff responds as follows: Plaintiff alleges that Defendants failed to provide PLAINTIFF and all other CLASS MEMBERS with accurate and itemized wage statements in compliance with California Labor Code § 226, including by failing to provide wage statements accurately listing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal employer entity, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226 and IWC Wage Order No. 9-2001, § 7. For example, Defendants' wage statements failed to comply with Labor Code § 226 by failing to list all hours worked and all wages earned by PLAINTIFFS AND CLASS MEMBERS,

including, in part, based upon DEFENDANTS' policies and practices of not paying employees for all hours recorded as having worked, as well as DEFENDANT's practice of automatically deducting 30-minute meal periods from employees' time. As another example, CLASS MEMBERS' wage statements failed to contain a calculation of the employees' total hours worked, and did not allow employees to simply add up the entries in the "hours" column in order to calculate their total hours, because the "hours" column of the wage statements contained multiple entries that were not attributable to hours actually worked.  Plaintiffs' counsel's trial preparations are ongoing, as is discovery and investigation in this matter. Plaintiff reserves the right to supplement and/or amend his response to this request, while denying any obligation to do so.

Defendants argue that Plaintiffs' responses to these corresponding ROGs are insufficient, because they do not properly state all facts upon which they based their responses, instead restating the allegations made in the lawsuit and giving examples of violations. ECF No. 145 at 11-12. Plaintiffs argue their supplemental responses sufficiently respond to the plain language of each request, and that Defendants "provide no basis for what additional information could (or should) be provided." *Id.* at 22-23. Although these Interrogatories were not discussed during the Discovery Conference preceding motion practice, the Court will address the dispute now.

The Court finds that Plaintiffs' responses are sufficient, and that Defendant has not met its burden of demonstrating that compelling further answers is proportional to the needs of the case.

RFA No. 5 asks Plaintiffs to admit that Defendant Rohr correctly calculated the regular rate of pay for compensation for all class members during the class period, which Plaintiffs denied. In response to the corresponding Interrogatory, Plaintiffs explained that they denied this RFA on the grounds that Defendants "fail[ed] to include all forms of remuneration when calculating the regular rate of pay (such as the value of shift differentials, shift premiums, non-discretionary bonuses, the value of gift cards, commissions and/or other forms of remuneration)." It is unclear why Defendant contends these are not statements of fact. While it is true that Plaintiffs begin their supplemental

responses by stating that each Plaintiff "alleges" that Defendants failed to provide the class members with accurate and itemized wage statements in compliance with California Labor Code § 226, Plaintiffs then provide statements of fact forming the basis of that allegation. Accordingly, Defendant's motion to compel a further response to ROG No. 5 is **DENIED**.

RFA No. 6 asks Plaintiffs to admit that Defendant provided accurate and itemized wage statements in compliance with Cal. Labor Code § 226 to all class members during the class period, which Plaintiffs denied. In response to the corresponding Interrogatory, Plaintiffs explained that they denied the RFA on the grounds that Rohr "fail[ed] to provide wage statements accurately listing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal employer entity, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226 and IWC Wage Order No. 9-2001, § 7." Plaintiffs then give two examples of the wage statements' non-compliance with Labor Code § 226: first, that the wage statements "fail[ed] to list all hours worked and all wages earned by PLAINTIFFS AND CLASS MEMBERS, including, in part, based upon DEFENDANTS' policies and practices of not paying employees for all hours recorded as having worked, as well as DEFENDANT's practice of automatically deducting 30-minute meal periods from employees' time" and, second, that the wage statements "failed to contain a calculation of the employees' total hours worked, and did not allow employees to simply add up the entries in the 'hours' column in order to calculate their total hours, because the 'hours' column of the wage statements contained multiple entries that were not attributable to hours actually worked."

Once again, Plaintiffs provided statements of fact to support their assertion that Defendants did not provide the class members with accurate and itemized wage statements in compliance with Cal. Labor Code § 226. However, to the extent Defendants argue that Plaintiffs' responses are ambiguous regarding whether additional factual examples exist to support their denial, the Court agrees with Defendants that Plaintiffs should be required to supplement their responses to clarify whether any additional examples exist to support their

assertion that Defendants did not provide them and other class members with accurate and itemized wage statements. Accordingly, the motion to compel is **GRANTED** with respect to ROG No. 6. Plaintiffs must provide all facts supporting their denial or otherwise confirm that the examples given reflect all of the supporting facts known to them at this time.

### E. Deposition of Jose Hernandez

The Court now turns to the issue newly raised by Plaintiffs regarding where Defendants are improperly withholding documents. As noted, during the deposition of class member Jose Hernandez on February 24, 2023, Defendants introduced certain documents reflecting Mr. Hernandez's written complaint regarding Defendants' break policies during the class period, which were the subject of his complaint to the California Department of Labor as well. ECF No. 145 at 13. Plaintiffs argue that Defendants are thus improperly withholding documents that are responsive to the following RFPs:

> Plaintiffs' RFPs, Set Two, RFP No. 29: "All DOCUMENTS which discuss, describe, evidence or constitute complaints made by COVERED EMPLOYEES during the COVERED PERIOD which relate to any of the claims alleged in the COMPLAINT."

> Plaintiffs' RFPs, Set Six, RFP No. 3: "All DOCUMENTS evidencing or reflecting any amounts owed or required to be paid by YOU to Jose Hernandez in connection with Case Number WC-CM-606794, as determined by the California Department of Industrial Relation's Labor Commissioner's Office."

*Id.*

Defendants argue that to the extent Plaintiffs seek to compel documents relating to Mr. Hernandez, any such motion would be premature because they have not met and conferred or requested a discovery conference on the issue. In the alternative, Defendants argue that any such motion would be meritless, because the document introduced during the deposition is not responsive to Plaintiffs' requests for production. Specifically, Defendants explain that the document at issue is an "August 2018 grievance that he filed with his union regarding a 'Talking Point' that allegedly changed rest period practices[.] Failure to provide rest periods is **not** a certified claim." ECF No. 145 at 12. Further,

Defendants argue the grievance is not responsive to the document requests, because it does not concern a certified claim or "amounts owed or required to be paid" in connection with Mr. Hernandez's case. *Id.* at 12-13.

Defendants' argument that the document at issue is not responsive to Plaintiffs' RFPs is not persuasive. Plaintiffs' RFP No. 29 seeks all complaints (or documents discussing or describing those complaints) made by covered employees during the covered period related to "any of the claims alleged in the Complaint." The request is not limited to certified claims. Plaintiffs' operative Second Amended Complaint contains a cause of action for failure to authorize and permit required rest periods. ECF No. 33 ¶¶ 37-44. Defendants are not entitled to unilaterally determine that the request should be limited to complaints made by covered employees related to certified claims only. Discovery is designed to be far-reaching and "is not limited to only those specific issues raised in the pleadings[,]" let alone to only those claims that are certified by the Court. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Courts should thus construe the question of relevancy "'liberally and with common sense' and discovery should be allowed unless the information has no conceivable bearing on the case." *Id.* (citation omitted).

Moreover, Defendants are on shaky ground insofar as they mean to imply that Mr. Hernandez's complaint regarding rest period practices is not relevant to the case, given that they ***introduced the complaint as an exhibit*** during Mr. Hernandez's deposition. Making the unilateral determination that these documents were not responsive to Plaintiffs' RFPs because they did not relate to certified claims (a parameter that is not present in the request), only to introduce the documents as an exhibit during a deposition on the final day of fact discovery, smacks of bad faith and gamesmanship. Plaintiffs' motion to compel Defendants to comply with the ongoing duty to supplement their discovery responses is **GRANTED**. Defendants are **ORDERED** to immediately produce all documents responsive to Plaintiffs' RFPs outlined above. In parsing the document requests, Defendants should not limit their production to claims that have been certified but should instead respond to the requests as stated.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to compel is **DENIED** with respect to Defendant Rohr's Requests for Admission Nos. 9-11, 17-20, and the corresponding Special Interrogatories. Defendants' motion to compel further responses to Rohr's Special Interrogatories 5, 15, and 21-23 are also **DENIED**. The Court **GRANTS** Defendants' motion to compel a further supplemental response to Special Interrogatory No. 6. Plaintiffs must provide all facts supporting their denial of the corresponding Request for Admission, or otherwise confirm that their existing responses include all of the supporting facts known to them at this time.

Plaintiffs' motion to compel Defendants to comply with their ongoing duty to supplement their responses to Plaintiffs' RFPs is **GRANTED**. Defendants must immediately produce all documents responsive to Plaintiffs' Requests for Production, Set Two, Request 29 and Requests for Production, Set Six, Request 3. Defendants are further **ORDERED** to review their previous document productions to ensure they have produced all documents responsive to Plaintiffs' requests, as stated.

**IT IS SO ORDERED.**

Dated:  March 23, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge