UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN and MICHAEL BEVAN, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROHR, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  20-cv-574-GPC-AHG<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE MOTION TO FILE EXCESS PAGES**<br><br>**[ECF No. 156]** |

　　Before the Court is Defendants' *Ex Parte* Motion for an Order Extending the Page Limit on Defendants' Motion to Decertify Class. ECF No. 156. Plaintiffs filed an Opposition. ECF No. 158.

　　Local Rule 7.1(h) provides a 25-page page limit for briefs or memoranda. Defendants request that this Court grant leave allowing Defendants' Motion to Decertify Class to be filed at 35 pages. ECF No. 156 at 3. Defendants' Motion is due May 4, 2023. *Id.* Defendants state this page enlargement is necessary because "[t]he motion involves decertifying six separate subclasses, each with distinct theories of liability." *Id.* They

argue that the evidence and issues "are so extensive that they cannot be adequately discussed within 25 pages." *Id.*

Plaintiffs oppose and argue that Defendants have failed "to establish extraordinary circumstances that justify *ex parte* relief." ECF No. 158 at 2. Plaintiffs argue that there is no good cause because Defendants have had "ample time" to file a properly noticed motion requesting a page extension, "but waited until two weeks before the filing deadline before opting to now seek relief on an *ex parte* basis." *Id.* They further argue Defendants will not suffer irreparable prejudice simply because the issues to be briefed are extensive. *Id.* To support this, Plaintiffs assert that they did not request a commensurate additional 10-pages on their Motion for Class Certification, even though that Motion "addressed both a broader proposed class . . . and a greater number of issues and theories of liability than the ones that were ultimately included in the Court's Certification Order." *Id.* at 4.

A district court has the inherent power to control its own docket, and this includes granting extensions of the page limits provided in the Civil Local Rules. *United States v. RAJMP, Inc.*, 2018 WL 5921358, at *2 (S.D. Cal. Nov. 13, 2018) (citing *Traylor Bros., Inc. v. San Diego Unified Port Dist.*, 2012 WL 1019966, at *2 (S.D. Cal. Mar. 26, 2012); *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008)). A court has "full discretion" to allow a filing in excess of the page limit. *Traylor Bros., Inc.*, 2012 WL 1019966, at *2.

Here, the Court finds it reasonable to **GRANT** Defendants' request for an additional ten (10) pages on their Motion to Decertify Class. The Court finds it reasonable that additional pages might be necessary to brief the decertification of six separate subclasses involving nineteen theories of liability. ECF No. 156 at 3-4. The Court has an interest in ensuring the Parties adequately brief all relevant issues. Further,

the Court does not find that an additional 10 pages of briefing prejudices Plaintiffs in any meaningful way.

As Plaintiffs request, the Court **GRANTS** Plaintiffs an additional ten (10) pages for their opposition to the Motion to Decertify. However, the Court **DENIES** Plaintiffs' request to have proportionate extensions for *all* pretrial motions. ECF No. 158 at 5. The Court does not find this request justified, absent a showing of the issues to be addressed and a discussion of why excess briefing is necessary to address the issues.

## CONCLUSION

The Court hereby **GRANTS** Defendants' *Ex Parte* Motion for an Order Extending the Page Limit on Defendants' Motion to Decertify Class. Defendants are permitted to file a Motion to Decertify up to 35 pages in length. Plaintiffs are permitted to file an opposition of equal length.

**IT IS SO ORDERED.**

Dated:  April 26, 2023

Hon. Gonzalo P. Curiel
United States District Judge