UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION,<br><br>Defendants. | Case No.: 20-cv-574-GPC-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND VACATING HEARING**<br><br>**[ECF No. 160]** |

Plaintiffs' action is a years' long dispute involving Defendants' alleged violations of California labor law. Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 160. Plaintiffs filed an Opposition, (ECF No. 170), and Defendants filed a Reply in support, (ECF No. 177). Defendants seek dismissal of Plaintiffs' eighth claim for relief pursuant to California's Unfair Competition Law ("UCL"). For the reasons below, the Court **GRANTS** Defendants' Motion. The Court

**DISMISSES** Plaintiffs' UCL claim subject to refiling in a court of competent jurisdiction.

## FACTUAL BACKGROUND

Plaintiffs Nathaniel Morgan and Michael Bevan[1] brought this class action on behalf of themselves and other individuals employed by Defendants Rohr, Inc.; Hamilton Sundstrand d/b/a UTC Aerospace Systems d/b/a Collins Aerospace; and United Technologies Corporation (collectively "Defendants") as non-exempt employees in the State of California from March 27, 2015 to March 31, 2022 to seek recovery of unpaid compensation. ECF No. 33, Second Amended Complaint ("SAC") at 2-3, 8.[2] Plaintiffs allege Defendants engaged in illegal labor and payroll policies and practices, which resulted in "failing to pay overtime premiums; failing to provide rest and meal periods; failing to provide accurate itemized statements for each pay period; failing to properly compensate Plaintiffs and Class Members for necessary expenditures incurred in the discharge of their duties; and requiring, permitting or suffering the employees to work off the clock . . . ." SAC at 7. Plaintiffs allege violations of the California Labor Code, the applicable Industrial Welfare Commission ("IWC") Wage Order, and the California Business and Professions Code. SAC at 8-9.

Plaintiffs allege that all Defendants are the alter egos of one another and joint employers of all employees, as Plaintiffs claim is demonstrated by their employment records. SAC at 6-7. Defendants exist to "provide[] a broad range of high-technology products and services to the global aerospace and building systems industries." SAC at 5.

---

[1] Plaintiff Michael Bevan was added as a second class representative in the Second Amended Complaint. *See* ECF No. 33 ("Second Amended Complaint" or "SAC").

[2] Page citations refer to CM/ECF pagination.

During the relevant time period, Defendants had two facilities in California, one in Riverside and the other in Chula Vista. SAC at 5.

Filed on June 19, 2020, Plaintiffs' Second Amended Complaint alleges eight causes of action: (1) failure to authorize and permit required meal periods (Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 9-2001, § 11); (2) failure to authorize and permit required rest periods (Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12); (3) failure to pay overtime wages (Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3); (4) failure to pay minimum wages (Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4); (5) failure to pay all wages due to discharged and quitting employees (Cal. Labor Code §§ 201, 202, 203); (6) failure to furnish accurate itemized wage statements (Cal. Labor Code § 226; IWC Wage Order No. 9-2001, § 7); (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties (Cal. Labor Code § 2802); and (8) unfair and unlawful business practices (Cal. Bus. & Prof. Code §§ 17200 et. seq.). SAC at 9-24.

## PROCEDURAL BACKGROUND

On March 27, 2019, Plaintiff Morgan filed this action in Solano County Superior Court. ECF No. 1 at 6. On May 6, 2019, Defendants removed to the Eastern District of California pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"). *See* ECF No. 1. On March 26, 2020, the action was transferred to this Court in the Southern District of California. ECF No. 23.

Plaintiffs filed a Second Amended Complaint in this action on June 19, 2020, and this remains the operative complaint. ECF No. 33. On December 1, 2021, the Court denied Plaintiffs' request to file a Third Amended Complaint adding an additional named plaintiff and class representative after finding that Plaintiffs had not exercised diligence, in part because they waited too long to file the motion requesting leave to file the proposed amended complaint. *See* ECF No. 99 at 8-10.

On March 31, 2022, the Court granted in part Plaintiffs' Motion for Class Certification. ECF No. 105. In their Motion, Plaintiffs sought to certify the following classes and subclasses:

> 1. <u>Minimum Wage Class</u>: all persons employed by Defendants as non-exempt employees at Defendants' facilities during the Class Period.
>    a. <u>Shaved Time Subclass</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista from March 27, 2015 through October 13, 2019 who were not paid by Defendants for all time recorded as worked on at least one shift.
>    b. <u>Automatic Deduction Subclass</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista from March 27, 2015 through October 13, 2019 who worked at least one shift over five hours long in which there was no recorded meal break of at least 30 minutes.
>    c. <u>Rounded Meal Break Subclass</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista from October 13, 2019 through the date of class certification who worked at least one shift over five hours in which the employee's rounded meal time was greater than the employee's recorded meal break time.
>    d. <u>Off-the-clock Subclass</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period.
> 2. <u>Overtime Class</u>: all persons employed by Defendants as non-exempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over eight hours long.
>    a. <u>Shaved Time Subclass</u>: all persons employed by Defendants as non- exempt, unionized employees at Defendants' facilities in Riverside and Chula Vista from March 27, 2015 through October 13, 2019 who were not paid by Defendants for all time recorded as worked on at least one shift which was over eight hours long.
>    b. <u>Automatic Deduction Subclass</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista from March 27, 2015 through October 13, 2019 who worked at least one shift over eight

4

hours long in which there was no recorded meal break of at least 30 minutes.

    c. <u>Rounded Meal Break Subclass</u>: all persons employed as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista from October 14, 2019 through the date of class certification who worked at least one shift over eight hours long in which the employee's rounded meal time was greater than the employee's recorded meal break time.

    d. <u>Regular Rate Subclass</u>: all persons employed by Defendants as non-exempt employees at Defendants' Riverside and Chula Vista facilities during the Class Period who worked at least one shift over eight hours long and also earned at least one other form of non-discretionary remuneration (such as shift differentials, shift premiums, special awards, and other bonuses) during the same pay period.

    e. <u>Off-the-clock Subclass</u>: all persons employed by Defendants as non-exempt employees at Defendants' Riverside and Chula Vista facilities during the Class Period who worked at least one shift over eight hours long.

3. <u>Rest Break Class</u>: all persons employed by Defendants as non-exempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over five hours long.

4. <u>Meal Period Class</u>: all persons employed by Defendants as non-exempt employees at their facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over five hours long.

    a. <u>First Meal Break Subclass (Union Employees)</u>: all persons employed by Defendants as unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over five hours long.

    b. <u>First Meal Break Subclass (Non-Union Employees)</u>: all persons employed by Defendants as non-unionized, non-exempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over five hours long.

    c. <u>Second Meal Period Subclass</u>: all persons employed by Defendants as nonexempt employees at Defendants' facilities in Riverside and Chula Vista during the Class Period who worked at least one shift over ten hours long.

> 5. <u>Wage Statement Class</u>: all persons employed by Defendants at Defendants' facilities in Riverside and Chula Vista as non-exempt employees during the Class Period, who received at least one wage statement from Defendants.

ECF No. 105 (order granting in part class certification) at 7-8.

The Court granted class certification only for union employees and only for the following classes and subclasses: the Meal Period Class; the Overtime Class; and the Minimum Wage Class, as well as the related subclasses under the automatic deduction of meal break, rounded meal break, first meal break and second meal break, and wage statement claims. ECF No. 105 at 45-46. The Court further certified for union employees the derivative claims relating to Defendant's failure to provide accurate and itemized wage statements and unfair and unlawful business practices under California law. *Id.*

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure ("Rule") 12(c) states that "a party may move for judgment on the pleadings" once the pleadings are closed "but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard to determine a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Upper Deck Co. v. Panini Am., Inc.*, 553 F. Supp. 3d 956, 960-961 (S.D. Cal. 2021) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 n.4 (9th Cir. 2011)). A court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). A court should grant judgment on the pleadings "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999)).

## II. Federal Rule of Civil Procedure 16

Once a deadline to file an amended pleading has passed, a party's ability to amend a pleading is initially governed by Rule 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, a party must show good cause for not having amended their complaint before the specified time, and this standard "primarily considers the diligence of the party seeking the amendment." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A district court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## DISCUSSION

## I. Plaintiffs' UCL Claim

Defendants seek to dismiss Plaintiffs' eighth cause of action for unfair and unlawful business practices in violation of California's Unfair Competition Law ("UCL"). ECF No. 160-1 at 6. Plaintiffs seek equitable relief in the form of restitution. SAC at 24. Defendants argue that Plaintiffs cannot seek equitable relief because they have an adequate remedy at law for damages under the Labor Code. ECF No. 160-1 at 6.

Under California law, courts lack jurisdiction over a claim for equitable relief if there is an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 838 (9th Cir. 2020). Plaintiffs must establish that they lack an adequate remedy at law before securing equitable restitution for past harm under the UCL. *See id.* at 844. Here, Plaintiffs' Second Amended Complaint does not allege that class members lack an adequate legal remedy. *See id.*; *see also* ECF No. 33. To the contrary, Plaintiffs have an adequate remedy at law vis-à-vis the damages they pursue under the California Labor Code. Plaintiffs' eighth claim under the UCL is based on the same factual allegations asserted in other portions of the Complaint. *See* SAC at 24 ("Defendants' violations of

California wage and hour laws constitute a business practice because Defendant's aforementioned acts and omissions were done repeatedly over a significant period of time . . . ."). All of Plaintiffs' claims constitute monetary harm, which "are 'exactly' the type of claim 'for which legal remedies are appropriate.'" *Fan v. Home Depot U.S.A., Inc.*, 2022 WL 16964099, at *3 (E.D. Cal. Nov. 16, 2022) (quoting *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021)).

Plaintiffs' Opposition does not address this point, and appears to concede that as presently pled, their eighth cause of action fails as a matter of law. *See* ECF No. 170. Plaintiffs respond that prior to dismissing the UCL claim, they should be granted leave to amend their Second Amended Complaint to seek injunctive relief. ECF No. 170 at 4. Accordingly, this Court lacks jurisdiction over Plaintiffs' claim under the UCL, and **GRANTS** Defendant's Motion for Judgment on the Pleadings.

## II.     Leave to Amend

In an effort to salvage their UCL claim, Plaintiffs request leave to amend their Second Amended Complaint to include prospective injunctive relief. ECF No. 170 at 4. As stated, because Plaintiffs' deadline to amend has expired, they must meet the "good cause" standard under Rule 16. *See* ECF No. 44 (scheduling order); ECF No. 99 at 8 (finding the October 2, 2020 deadline to file an amended complaint was the operative deadline). Because Rule 16's "good cause" standard primarily considers a party's diligence, the Court first must determine whether Plaintiffs have acted diligently.

Four years have passed since Plaintiffs initially filed their lawsuit. Because California state courts do not have Article III standing requirements prohibiting former employees from obtaining injunctive relief, Plaintiffs had the ability to sue for injunctive relief in the lawsuit initially filed in Solano County Superior Court. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 234 (Cal. 2013) (stating terminated employees may be awarded injunctive relief). Further, the Second Amended Complaint was filed in this

Court in June 2020, and named Michael Bevan, a current employee of Defendants, as a plaintiff. *See* SAC at 3. At this point, Plaintiffs could have added a claim for injunctive relief in federal court. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) ("As the Supreme Court explained, only current employees have standing to seek injunctive relief."). Plaintiffs even requested leave to file a Third Amended Complaint, which this Court denied after finding Plaintiffs had not been diligent in seeking amendment, but still did not include a request for injunctive relief. *See* ECF No. 74 (Motion to File Third Amended Complaint); ECF No. 99 (Order Denying Leave to File Third Amended Complaint).

In sum, the Court finds this multi-year delay constitutes a lack of diligence on behalf of Plaintiffs and does not support a finding of good cause under Rule 16. Plaintiffs provide no new facts that would allow this Court to find their delay in seeking amendment was justified. "A district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (quoting *Vincent v. Trend Western Tech. Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987)). In addition, "a motion for summary judgment [is] pending and [the] disposition of the case would be unduly delayed by granting the motion for leave to amend." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). Thus, the Court **DENIES** Plaintiffs' request for leave to amend.

### III.   Remand

In the alternative, Plaintiffs request that their UCL claim be remanded to state court. ECF No. 170 at 6. Plaintiffs cite to *Moriarty v. American General Life Insurance Co.*, 2022 WL 2959560 (S.D. Cal. July 26, 2022), to support this proposition. However, *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022), decided two months

after *Moriarty* states that the proper remedy is for the district to dismiss the "UCL claim without prejudice to refiling the same claim in state court." 49 F.4th 1308, 1314 (9th Cir. 2022). Thus, this Court declines to remand Plaintiffs' UCL claims and instead **DISMISSES** the UCL claim **without prejudice**, subject to refiling in a court of competent jurisdiction.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings and **DISMISSES** Plaintiffs' eighth cause of action without prejudice. Because the UCL allows a four-year statute of limitations and the California Labor Code has a shorter, three-year statute of limitations, this ruling will necessarily affect the class definition by reducing the class period accordingly. The class period now runs from **March 27, 2016** to **March 31, 2022**.

IT IS SO ORDERED.

Dated: July 7, 2023

Hon. Gonzalo P. Curiel
United States District Judge