UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No.:  20-cv-574-GPC-AHG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**[ECF Nos. 189, 196, 197]** |

Pending before the court is Plaintiffs' motion for reconsideration of the July 7, 2023, order dismissing Plaintiffs' claim for restitution under California's Unfair

1

Competition Law ("UCL").[1]  Hearings were held on September 15, 2023, and October 20, 2023.  For the reasons stated herein, Plaintiffs' motion for reconsideration is **GRANTED** and Plaintiffs' claim under the UCL is remanded to the San Diego Superior Court.

## BACKGROUND

The facts of this case are well-known to the parties and will be repeated only to the extent that they are relevant to the instant motion.

Plaintiffs filed their initial complaint on March 27, 2019, in Solano County Superior Court, alleging labor law violations related to unpaid wages and interrupted rest periods.  ECF No. 1 at 6.[2]  In addition to eight claims made under California Labor Code, Plaintiffs raised an equitable claim under the UCL for restitution and disgorgement of wages and other compensation unlawfully withheld by Defendants.  ECF No. 1-1 at 25–26.  Defendants timely removed the case to the Eastern District of California, see ECF No. 1 at 8–9, invoking diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), see 28 U.S.C. §1332(d), and on March 25, 2020, the case was transferred to the Southern District of California, see ECF No. 23.  This Court eventually

---

[1] Plaintiffs move in the alternative for certification of the issue for interlocutory appeal. See 28 U.S.C. §1292(b).

[2] Page citations refer to CM/ECF pagination.

certified classes relating to five of Plaintiffs' claims, including certification of subclasses relating to Plaintiffs' cause of action for unfair and unlawful business practices in violation of California's UCL, *see* ECF No. 105 at 45–46.

Defendants moved for judgment on the pleadings on May 4, 2023, seeking dismissal of Plaintiffs' equitable claim under the UCL for restitution because Plaintiffs had an adequate legal remedy through their damages claims under California Labor Code. ECF No. 160-1 at 8. Relying on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), Defendants moved to dismiss Plaintiffs' UCL claim without prejudice to refiling of the same claim in state court. *Id.* Plaintiffs conceded that their complaint as pleaded was deficient for lack of equitable jurisdiction under *Sonner* and requested that the UCL claim be remanded to state court instead. ECF No. 170 at 6. This Court held that dismissal with leave to refile in a court of competent jurisdiction was the proper course of action, pursuant to *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022). ECF No. 183. On August 24, 2023, Plaintiffs brought this motion for reconsideration under Local Rule 7.1(i), contending that this Court should have remanded the UCL claim. ECF No. 189-1 at 4.

Plaintiffs' primary argument is that reconsideration is warranted because *Guzman* is procedurally distinguishable, an argument that Plaintiffs failed to advance in their initial briefing, and that it was error for the Court to rely on *Guzman* in its initial decision to dismiss the UCL claim. ECF No. 183. The Court agrees. *Guzman* was originally

filed in federal court, whereas the instant case was not. As such, the district court in *Guzman* could not have remanded the case to the state court. The Court's initial reliance on *Guzman* to dismiss Plaintiffs' UCL claim was erroneous, and after reconsideration of the matter, the Court concludes that Plaintiffs' UCL claim should instead be remanded.

## LEGAL STANDARD

Federal district courts have inherent jurisdiction to reconsider and alter non-final orders. *United States v. Jones*, 608 F.2d 386, 390 (9th Cir. 1979). Allowing reconsideration "furthers the policy favoring judicial economy." *Jones*, 608 F.2d at 390 n.2. In this jurisdiction, parties may apply for such reconsideration, as Plaintiffs did, "[w]henever any motion . . . for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms . . . ." Local Rule 7.1(i). The moving party need only set forth "what new or different facts and circumstances are claimed to exist which," in the initial application, "did not exist, or were not shown . . . ." *Id.*

Defendants argue that, under Fed. R. Civ. P. 59(e), Plaintiffs' motion for reconsideration is appropriate only if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Defendants submit that, under Fed. R. Civ. P. 59(e), Plaintiffs' motion for reconsideration fails

because the facts Plaintiffs rely on are not newly discovered and any changes in law Plaintiffs cite are not controlling.

Defendants have failed to account for the difference between a motion for reconsideration of a non-final order, brought under Local Rule 7.1(i), and a motion to alter or amend a judgment, brought under Fed. R. Civ. P. 59(e).  *See* ECF No. 196.  On one hand, there is some support for examining motions for reconsideration brought under local rules as if they were motions to alter or amend a judgment brought under Fed. R. Civ. P. 59(e).  In *Schroeder v. McDonald*, the Ninth Circuit held that a "timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e)."  55 F.3d 454, 457 (9th Cir. 1995) (quoting *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983) (applying Rule 59(e) filing deadline requirement to motion for reconsideration brought under local rules); *see also Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991) (applying Rule 59(e) and Rule 60(b) substantive requirements to motion for reconsideration brought under local rules).  This remained the case even where the motion for reconsideration attacked a non-final order.  In *Schroeder*, the plaintiff's motion for reconsideration challenged the district court's grant in part of summary judgment to defendants.  55 F.3d at 458.  The same was true in *Fuller*, where the plaintiffs' motion challenged the district court's grant in part of summary judgment.  950 F.2d at 1441.  There, the order granting partial

summary judgment was only certified pursuant to Fed. R. Civ. P. 54(b) as an appealable, final judgment after the denial of the motion for reconsideration. *Id.*

But application of Rule 59(e), to motions for reconsideration challenging non-final orders, was discontinued by the Ninth Circuit in *U.S. v. Martin*, where the court held that Rule 59(e) could not be applied to a motion for reconsideration brought under a local rule that challenged a non-final order. 226 F.3d 1042, 1049 (9th Cir. 2000). The defendant in *Martin* argued that pursuant to Rule 59(e), the Government's motion for reconsideration, which had been brought under the local rules of the Central District of California, was untimely. *Id.* at 1047. The court rejected the defendant's argument, reasoning that because the Government's motion attacked a non-final order, Rule 59(e) did not "even apply" to the motion.[3] *Id.* at 1048. Rather, the district court had "inherent jurisdiction to modify, alter, or revoke" the non-final order, and the local rules provided an "explicit textual source of authority for the Government's motion for reconsideration." *Id.* at 1049. Since *Martin*, the Ninth Circuit has only applied Rule 59(e) to motions for reconsideration brought under local rules attacking final or appealable orders. *See Gorromeo v. Zachares* (9th Cir. 2001) (denial of claim for qualified immunity); *Shapiro*

---

[3] The court held that Rule 60(b) would not apply to the motion for the same reason. *Martin*, 226 F.3d at 1048 n.8.

*v. Paradise Valley Unified*, 374 F.3d 857, 859 (9th Cir. 2004) (order entering judgment for plaintiff).

Here, because Plaintiffs challenge a non-final order dismissing their claim for relief pursuant to California's UCL, Rule 59(e) does not apply. Plaintiffs' motion for reconsideration need only demonstrate "new or different facts and circumstances . . . which did not exist, or were not shown" in the initial application, pursuant to Local Rule 7.1(i). *See Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19CV1865-GPC(LL), 2021 WL 1945714, at *2 (S.D. Cal. May 14, 2021). Plaintiffs' motion for reconsideration rests on the fact that this action was removed from state court, a fact "not shown" in their initial application. The Court finds that Plaintiffs' motion meets the low bar of Local Rule 7.1(i) and proceeds to a discussion of the merits.

## ANALYSIS

### 1. Discussion

The parties agree that Plaintiffs' UCL claim should be heard in state court where it was initially filed. But they disagree as to whether the claim should be remanded or refiled following dismissal. The Court relied in its initial decision upon *Guzman*, but *Guzman* did not address remand. In *Guzman*, appellants challenged the district court's decision to dispose of their UCL claims with prejudice by entering summary judgment in favor of appellees. 49 F.4th at 1311. Appellants did not argue that their UCL claims should have been remanded, for they had filed their UCL claims in federal court. Rather,

appellants argued that their UCL claims should have been dismissed without prejudice. The court sided with appellants, reasoning that because the district court "lacked equitable jurisdiction . . . it could not, and did not, make a merits determination as to liability and should not have granted summary judgment." *Id.* at 1314.  In support of this reasoning, *Guzman* analogized equitable jurisdiction to abstention, recognizing that "[a]s is the case when federal courts decline to exercise jurisdiction under abstention principles or the doctrine of *forum non conveniens*, a federal court that dismisses a claim for lack of equitable jurisdiction necessarily declines 'to assume the jurisdiction and decide the cause.'" *Id.* (first quoting *Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953); then citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); and then citing *United States v. Morros*, 268 F.3d 695, 704–05 (9th Cir. 2001)).  The court concluded that "the district court should have denied summary judgment on the UCL claim and dismissed it without prejudice for lack of equitable jurisdiction." *Id.* at 1315.

This Court initially read *Guzman's* conclusion to prescribe dismissal as the "proper remedy" where a district court lacks equitable jurisdiction.  *See* ECF No. 183.  However, because the claims in *Guzman* were filed in federal court, remand was not an option.  As such, *Guzman* did not foreclose remand.  As noted above, Plaintiffs' motion for reconsideration rests on a fact "not shown" in their initial application, i.e., that this action was removed from state court.  Upon reconsideration, with this added fact, the Court

concludes that *Guzman* does not require a dismissal of the UCL claim and permits the Court to review the facts of the case to determine whether a remand is warranted.

The Court, having reviewed cases that have declined to exercise jurisdiction over equitable claims removed from state court, finds that courts have consistently recognized their power to remand those claims. *See Cates v. Allen*, 149 U.S. 451, 461 (1893) (holding that a court lacking equity jurisdiction over a case removed from state court may remand the case rather than dismiss it); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689–90 (1927) ("[I]n suits removed from a state court . . . the suit is remanded to the state court where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be granted by the state court."); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721, 116 S. Ct. 1712, 1723 (1996) ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can . . . decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.").

Defendants counter, first, that *Quackenbush* "does not apply here, because it is an abstention case." ECF No. 204 at 6. In *Quackenbush*, the Supreme Court held that the district court's "abstention-based remand" was unwarranted, because the relief sought was not equitable or otherwise discretionary. 517 U.S. at 720. Defendants suggest that abstention is relevant "only if [the Court] otherwise had jurisdiction over" the UCL claim. ECF No. 202 at 7. Defendants surmise that because the Court "lack[s] equitable

jurisdiction over the state law claims, it ha[s] nothing to 'abstain' from in the first place." *Id.*

This argument misunderstands equitable jurisdiction. A court that "lacks equitable jurisdiction" does not lack the power to hear and determine a controversy. It merely declines to do so. The term "jurisdiction," as it is used in equity jurisprudence, is distinct from "'jurisdiction' in its strict sense." *Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953). The Ninth Circuit has cautioned that "[r]eference to equity jurisdiction does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause." *Id.* (internal quotations omitted). Under the construction provided by the Ninth Circuit, equity jurisdiction bears "strong parallel[s]" to "born-of-equity abstention doctrines." *Guthrie*, 561 F. Supp. 3d at 879; *see also Guzman*, 49 F.4th at 1314 (analogizing equitable jurisdiction to abstention). As the Supreme Court recognized in *Schlesinger v. Councilman*, abstention "originated as a corollary to the general subordination of equitable to legal remedies." 420 U.S. 738, 755 (1975). Accordingly, the Court finds *Quackenbush's* teaching — that courts may decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court — relevant in deciding the motion to remand Plaintiffs' UCL claim. *See* 517 U.S. at 721.

While the Ninth Circuit has not directly decided this issue, it has not foreclosed remand. In *Lee v. Am. Nat'l Ins. Co.*, the Ninth Circuit held that when a plaintiff lacks Article III standing for only some of the claims in a removed case, and the federal court has subject matter jurisdiction over the remaining claims, the district court may not remand the entire case. 260 F.3d 997, 1007–08 (9th Cir. 2001). As to the availability of a partial remand of only the standing-deficient claims, the court declined to address the possibility because Lee did not "present a specific, cogent argument for [the court's] consideration" on appeal. *Id*. at 1007. However, the *Lee* opinion observed that "[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." *Id.* at 1006–07.

Plaintiffs advocate for remand based upon the need (1) to preserve the original class period as asserted in the initial complaint; and (2) to promote efficiency by avoiding a substantial waste of resources. ECF No. 189-1 at 10-11. They argue that dismissal would operate to require the parties to relitigate certification, conduct duplicative pre- and post-certification discovery, and require additional notices to the previously certified class. The Court accepts the view that remanding the case may avoid the need to reconduct discovery. As to the relitigation of class certification, Plaintiff has not offered any caselaw to support the idea that this Court's certification would have collateral and

preclusive effect in the remanded case so as to contribute to any efficiencies. However, to the extent that discovery conducted in this case would be transferrable to the remanded state case, efficiencies are furthered by remanding versus dismissing the UCL claim.

A number of district court decisions have found that remand of a UCL claim was warranted where courts lacked equitable jurisdiction. *See, e.g.*, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 872 (N.D. Cal. 2021); *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC-JDEx, 2023 WL 2390630, at *4 (C.D. Cal. Mar. 7, 2023); *Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038, at *5 (N.D. Cal. July 19, 2023). In *Clevenger v. Welch Foods Inc.*, after the court dismissed a UCL claim based upon equitable jurisdiction, a plaintiff refiled the UCL in state court, only to have defendant remove the case to federal court and move to dismiss it again. No. SACV 23-00127-CJC-JDEx, 2023 WL 2390630, at *5. The court remanded the case concluding that defendant might otherwise place the UCL claim in a perpetual loop by continuously removing and dismissing a prospective plaintiffs' equitable claim, or a defendant might utilize removal and dismissal to extinguish a plaintiffs' otherwise timely claims by invoking the statute of limitations once the plaintiff refiles. *Id.* Defendants argue that remand is not appropriate because they have not engaged in gamesmanship yet. *See id.* They assure the Court that "[a]ssuming Plaintiffs re-file the UCL claim in state court as currently pleaded, Defendants will not remove a second time." ECF No. 204 at 8 (emphasis omitted). But gamesmanship is not so limited. *See Clevenger*, No. SACV 23-

00127-CJC-JDEx, 2023 WL 2390630, at *5 (holding that CAFA "was not intended to encourage gamesmanship or to extinguish claims which could properly be litigated only in state court"). It would include procedural maneuvers which artificially delay the filing date of Plaintiffs' UCL claim. *Id.* at 9. Defendants, having removed Plaintiffs' UCL claim from state court, now argue that the claim must be dismissed and heard instead in state court. To the extent that tolling of the statute of limitations is not available, forcing Plaintiffs to refile their claims may extinguish the UCL claims of certain plaintiffs. This includes named plaintiff Nathaniel Morgan, whose employment ended in 2016. ECF No. 163-2 at 16. This procedure to extinguish claims timely filed in the proper forum would encourage the sort of gamesmanship disfavored by courts of equity.

Defendants next argue that remand of the UCL claim is improper, because the Court retains jurisdiction over Plaintiffs' California Labor Code claims. But the practice of partial remand is not novel. Courts declining to exercise jurisdiction in the context of supplemental jurisdiction, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988), and abstention, *see United for Missouri v. St. Charles Cnty.*, No. 4:17-CV-2405 CAS, 2017 WL 6026002, at *1 (E.D. Mo. Dec. 5, 2017) (remanding state law claims and retaining federal constitutional claim), may remand certain portions of an action while retaining others. In *Emrich*, the Ninth Circuit addressed removal of plaintiffs' claims to federal court, including a federal claim under the Racketeer Influenced Corrupt Organizations Act of 1970 ("RICO") and non-federal fraud claims.

The plaintiffs argued that allowing the federal court to exercise supplemental jurisdiction, then termed "pendent jurisdiction," over plaintiffs' state claims "would expand the federal case load at the expense of state fora, thus threatening the balance of federal-state relations." 846 F.2d at 1195. The court rejected this argument, noting that "the district court may always exercise its discretion to retain the entire case or remand portions based upon the factors set forth in *Gibbs*, 383 U.S. at 725," *see id.* at 1196, which were later codified in 28 U.S.C. § 1367. While *Emrich* dealt with the court's discretionary power to remand a portion of a suit when declining to exercise supplemental jurisdiction, *see Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 685 (10th Cir. 1993), the Court sees no reason why that flexibility should not extend to a court's discretion when declining to exercise equitable jurisdiction.

Moreover, Defendants cite no persuasive authority prohibiting equitable remand in this fashion. Though Defendants rely upon ten district court cases, ECF No. 196 at 11, none are apposite. Four cases Defendants cite are irrelevant because they declined to remand based upon the limitations of 28 U.S.C. § 1447. *See Kim v. Walmart, Inc*, No. 2:22-CV-08380-SB-PVC, 2023 WL 196919, at *3 (C.D. Cal. Jan. 13, 2023) (rejecting Plaintiff's "fallback argument" regarding remand of equitable claims because section 1447 statute authorizes remand of a "'case,' not individual claims"); *Hunter v. FCA US LLC*, No. 22-CV-06777-HSG, 2023 WL 4828013, at *4 (N.D. Cal. July 27, 2023); *Utne v. Home Depot U.S.A., Inc.*, No. 16-CV-01854-RS, 2022 WL 1443339, at *3 (N.D. Cal.

May 6, 2022); *Treinish v. iFit Inc.*, No. CV 22-4687-DMG-SKX, 2022 WL 5027083, at *5 (C.D. Cal. Oct. 3, 2022).  Equitable remand "does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush*, 517 U.S. at 712.  As such, these cases which rely upon section 1447 are inapposite.  Three cases cited by Defendants are inapplicable because they do not address partial equitable remand.  *See Slick v. CableCom, LLC*, No. 22-CV-03415-JSC, 2022 WL 4181003, at *3 (N.D. Cal. Sept. 12, 2022); *Bruno v. U.S. Renal Care*, Inc., No. 2:21-CV-04617-FLA-MRWx, 2022 WL 2439525, at *2 (C.D. Cal. July 5, 2022); *Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG, 2022 WL 3702934, at *4 (S.D. Cal. Feb. 4, 2022).  The remaining cases do not persuade the Court that remand is foreclosed. *Travonne Hooks v. Dignity Health*, No. 22-CV-07699-DSF-PDX, 2022 WL 17968833, at *3 (C.D. Cal. Dec. 27, 2022) (relying on *Guzman* to dismiss the plaintiff's equitable claims); *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (finding that "*Guthrie's* analysis is inapplicable to the circumstances here where Plaintiff's UCL claim is the seventh of seven claims, and is completely derivative of Mish's Labor Code violations over which this Court does have jurisdiction.").

The Court concludes that, just as with the exercise of supplemental jurisdiction and abstention, a court declining to exercise jurisdiction in accordance with equitable principles may partially remand an action.

The Court concludes that precedent and interests in fairness and economy all favor remand. Remand will return the UCL claim to the state court "more efficiently." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 880 (N.D. Cal. 2021).

## CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion for Reconsideration. The Plaintiffs' UCL claim is to be severed and remanded to state court.

**IT IS SO ORDERED.**

Dated: November 15, 2023

Hon. Gonzalo P. Curiel
United States District Judge