UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual, MICHAEL BEVAN, an individual; individually, and on behalf of others similarly situated,,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-574-GPC-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DECERTIFICATION**<br><br>**[ECF No. 162]** |

Pending before the Court is Defendants' motion for decertification. ECF No. 162. For the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The facts have been recited numerous times at this point in the litigation. Aside from providing a brief introduction, the Court reserves discussion of the facts until they become relevant.

The Court certified five class claims as to union employees: **First and Second Meal Period Claims**, based on (a) auto-deduction/recording of meal periods; (b) rounded meal periods; and (c) failure to pay premiums; **Minimum and Overtime Wages Claim**, based on (a) auto-deduction of meal periods; (b) rounded meal periods; and (c) regular rate violations; **Wage Statement Claim** based on earning statements muddled by "inscrutable payroll codes"; and a derivative **Unfair Competition Claim**. ECF No. 105. The Court remanded Plaintiffs' Unfair Competition Claim in its Order Granting Plaintiffs' Motion for Reconsideration, ECF No. 217, and granted Defendants' Motion for Summary Judgment as to the regular rate subclass of the Minimum and Overtime Wages Class in its Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment, ECF No. 221. Additionally, the Court granted in part Plaintiffs' Motion for Partial Summary Judgment as to Second Meal Period claims for class members working shifts longer than twelve hours and Defendants' cessation defense. Defendants move for decertification of the remaining classes.

## LEGAL STANDARD

The Court certifies a class where Plaintiffs "establish that 'there are questions of law or fact common to the class,' as well as demonstrate numerosity, typicality and adequacy of representation." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (quoting Fed. R. Civ. P. 23(a)). Plaintiffs must also demonstrate "that the class fits into one of three categories. To qualify for the third category, Rule 23(b)(3), the district court must find that 'the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)) (internal citations omitted). "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.* at 668. On a motion for decertification, Plaintiffs retain the burden to prove that they have met the requirements of Rule 23. *Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Where Defendants challenge certification on the basis of an affirmative defense, Plaintiffs "retain the burden of showing that the proposed class satisfies Rule 23, including predominance, but [the Court] considers predominance only as to the [arguments] that Defendants have actually advanced and for which it has presented evidence." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018).

## ANALYSIS

1. Meal Period Classes

The Court certified Plaintiffs' First and Second Meal Period Classes on the basis of Defendants' noncompliant timekeeping practices and failure to provide class members with compliant meal periods. Defendants argue that the First and Second Meal Period Classes should be decertified because Plaintiffs have failed to demonstrate commonality and predominance.[1] The Court disagrees as to decertification of the First Meal Period

---

[1] Defendants do not challenge certification of the meal period classes on the basis of numerosity, typicality, or adequacy of representation. *See* ECF No. 162-1. Defendants suggest in a footnote that Plaintiffs' testimony regarding cessation of operations "is not typical of the class," ECF No. 162-1 at 22 n.22, but this Court granted Plaintiffs' Partial

class, concluding that Plaintiffs' reliance upon the rebuttable presumption of liability arising from Defendants' deficient timekeeping, *see Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 76 (2021), raises common questions that predominate individual issues. But the Court agrees that the Second Meal Period class must be decertified because Defendants' waiver argument necessitates excessive, individualized inquiry.

A. First Meal Period Class

Under California law, employees working shifts longer than five hours must be provided a thirty-minute meal period. *Id.* at 66. For shifts lasting ten hours or more, a second meal period is required. *Id.* An employer complies with its meal period obligations "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted [thirty] minute break, and does not impede or discourage them from doing so." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012). An employer's failure to comply entitles employees to premium pay: one hour of pay at the employee's regular rate of compensation. *Donohue*, 11 Cal. 5th at 69. However, once reasonable opportunity to take a break has been provided, the employer need not "police meal breaks and ensure no work thereafter is performed." *Id.* at 67. There is no meal period violation, for instance, "if an employee voluntarily chooses to work during a meal period after the employer has relieved the employee of all duty." *Id.*

A rebuttable presumption arises, that an employee was not relieved of duty or provided a meal break, where an employer's timekeeping records are incomplete or inaccurate. *Id.* at 76. The presumption does not create automatic liability for employers. Rather, once triggered, the presumption shifts the burden to the employer to plead and

---

Motion for Summary Judgment as to Defendants' cessation of operations argument. ECF No. 221 at 11.

prove that they provided employees with a bona fide opportunity to take a compliant meal break. *Id.* Because "the law does not expect or require employees to keep their own time records to uncover potential meal period violations," the consequences stemming from a failure to record meal periods naturally fall to the employer. *Id.* at 75, 81.

Plaintiffs' first meal period claims rely almost entirely upon the *Donohue* presumption. As evidence of liability, Plaintiffs direct the Court to the deposition testimony elicited from Defendants' designees under Fed. R. Civ. P. 30(b)(6) and the conclusions of an expert, Teresa Fulimeni, tasked with reviewing Defendants' timekeeping records. Though Plaintiffs committed, in their trial plan, to supplementing this evidence with "statistically representative employee testimony" as to deficient meal period practices, *see* ECF No. 81 at 8 ("Plaintiffs will further supplement this evidence with statistically representative employee testimony on employer control in the form of a survey or in the alternative a randomized selection . . . ."), Plaintiffs ultimately declined to conduct surveys or perform sampling, ECF No. 172 at 32. Plaintiffs explain that sampling and surveys were "merely propos[itions]" of "optional tool[s]" and that class-wide liability may be established without reliance on either form of evidence. ECF No. 172 at 32. With this concession, the question before the Court is whether Plaintiffs' expert analysis and Fed. R. Civ. P. 30(b)(6) deposition testimony alone present sufficient grounds for certification of the first meal period class.

The Court concludes that they do. Based on this evidence alone, Plaintiffs advance two theories of class-wide liability under the *Donohue* presumption. First, they argue that Defendants' use of AutoTime 6 triggers the rebuttable presumption.[2] The Court

---

[2] Prior to October 13, 2019, employees at both of Defendants' facilities used "AutoTime 6" — a timekeeping system pre-programmed to automatically record a thirty-minute meal period for each employee. Employees did not clock in or out for their meal periods,

agrees. AutoTime 6 did not track employee meal periods; it automatically deducted them. As a result, under AutoTime 6, employees were not required to punch in and out for meal periods, and Defendants' timekeeping records did not accurately reflect the length of employee meal periods. Plaintiffs' expert concluded that this practice accounted for 1,040,699 shifts longer than six hours with meal periods that were "short, late, missing, or 'auto-deducted.'" ECF No. 164-9 at 7. As this Court concluded in its order on the parties' motions for summary judgment, these inaccuracies and deficiencies are sufficient to trigger the rebuttable presumption. ECF No. 221 at 12; *see also Donohue*, 11 Cal. 5th at 79 (concluding that time records reflecting 46,761 deficient meal periods sufficient to trigger presumption).

Plaintiffs next argue that Defendants' use of AutoTime 7 to round employee meal periods triggers the rebuttable presumption. The Court agrees. Because "even a minor infringement of the meal period triggers the premium pay obligation," Defendants' "practice of rounding time punches for meal periods is inconsistent with the purpose of the Labor Code provisions and the IWC wage order." *Donohue*, 11 Cal. 5th at 68. As the Court noted at summary judgment, under Defendants' rounding system, "an employee at the Riverside facility, who clocked out for a meal break at 11:01 a.m. and clocked back in at 11:28 a.m., would have their meal break automatically rounded to a full thirty minutes, resulting in three minutes of uncompensated time." ECF No. 221 at 12. Plaintiffs' expert identified 148,237 meal periods where time rounding masked a noncompliant meal period and concluded that time rounding resulted in an average of

---

and a thirty-minute meal period was recorded irrespective of an employee's actual break period. After October 13, 2019, employees at the Riverside facility began using "AutoTime 7," which required employees to record the start and end times for their meal breaks. Under both systems, employees were required to manually input the start and end times for their second meal period.

17.8 minutes of unpaid time per shift.  ECF No. 164-9 at 9.[3]  This is sufficient to trigger the rebuttable presumption.  ECF No. 221 at 12; *see also Donohue*, 11 Cal. 5th at 79.

With the presumption triggered, the burden of rebuttal falls to Defendants.  Although Defendants have deployed a volley of written policies, training materials, depositions, and employee declarations that they claim to be representative testimony, the Court found at summary judgment that this evidence did not, as a matter of law, rebut the *Donohue* presumption.  ECF No. 221 at 16.  While this evidence raises triable issues of fact as to whether employees across the Defendants' facilities were provided with bona fide relief from duty, at this stage in the litigation Plaintiffs may continue to rely on the rebuttable presumption as the foundation of their class-wide theory of liability.

Through their reliance on the rebuttable presumption, Plaintiffs satisfy commonality.  Whether Plaintiffs' expert analysis of timekeeping records is sufficient to trigger the presumption, and whether Defendants have produced evidence of bona fide relief sufficient to rebut the presumption, are questions common to the class that "relate[] to a central issue in the [P]laintiffs' claim."  *Olean*, 31 F.4th at 665 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)).  Moreover, they are questions that may be resolved with common evidence.  Courtesy of the *Donohue* presumption, Defendants' liability may be determined without significant reliance on individual inquiry.  Plaintiffs may invoke the presumption of liability through deposition testimony from 30(b)(6) deponents describing company-wide timekeeping practices and Fulimeni's expert analysis of Defendants' timekeeping.  And Defendants' attempt to rebut the

---

[3] Defendants argue that Plaintiffs' expert failed to identity any meal periods where rounding masked noncompliant meal periods.  While Fulimeni's report is arguably unclear on this point, she notes that her rounding analysis "exclude[d] meal periods where the time rounding increased or did not change the paid time of the employee, which accounted for 62,709 shifts out of 245,529 shifts.  ECF No. 164-9 at 9.

presumption of liability may be resolved through a review of the representative testimony that Defendants have presented, *see* ECF No. 179 at 6, along with bargaining agreements, written orders, and training materials that were "common to the class," *see Santillan v. Verizon Connect, Inc.*, No. 3:21-CV-1257-H-KSC, 2022 WL 4596574, at *13 (S.D. Cal. June 13, 2022). Both parties rely upon evidence consistent with a manageable, class-wide determination of liability.

Defendants raise four arguments in response. First, Defendants argue that the presumption does not apply because operations ceased during meal periods. But this argument was rejected and foreclosed at summary judgment. ECF No. 221 at 11.

Next, Defendants argue that even if the presumption applies, Defendants have rebutted it. But the Court has already declined to adopt that argument, finding that Defendants have not demonstrated rebuttal as a matter of law. ECF No. 221 at 16. Defendants argue in the alternative that determining whether they have sufficiently rebutted the *Donohue* presumption at trial will require individual inquiry. This argument fails because, as described above, Defendants' primary rebuttal evidence is subject to class resolution and does not create issues of individual inquiry. Defendants rely in part upon class-wide policies, bargaining agreements, and posted wage orders. All this is common to the class. ECF No. 163-1 at 9. Defendants also rely extensively upon testimony from "[o]ver [thirty] individuals," including "supervisors for at least [thirteen] departments." ECF No. 169 at 12–15. Defendants argued at summary judgment as to the representative capacity of this evidence, submitting that "it is the jury's role to determine whether this testimonial evidence can be extrapolated to the entire class." *Id.* at 23 (citing *Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1087 (9th Cir. 2020)). The Court agrees, as it did at summary judgment, that Defendants have made a threshold showing of representative capacity and that the question now falls to a jury. A jury may find that Defendants' declarations are representative of absent class members and sufficient to

rebut the presumption of liability, at which point Plaintiffs' action will fail. Or they may "reject[] that position," *Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1087 (9th Cir. 2020), and the presumption of liability will carry the day. In either scenario, the question of liability will be determined in one fell swoop. *Cf. Olean*, 31 F.4th at 681 (discussing jury's assessment of expert model reliability).

In light of Defendants' argument at summary judgment as to the representative capacity of their evidence, the Court finds Defendants' insistence, that rebuttal would involve "individualized issues . . . which would present intractable management problems," ECF No. 162-1 at 20 (internal quotations omitted), unpersuasive. Representative capacity is not a mask that Defendants may don and doff as they please. At summary judgment, representative capacity provided Defendants the means to fend off class-wide liability. At decertification, it provides the means of holistic, class-wide resolution.

Furthermore, while Defendants raise some individual issues as to the Second Meal Period Class which the Court addresses below, they have failed to direct the Court to any evidence of individualized issues regarding the First Meal Period Class that would present intractable management problems. Twice, Defendants cite "intractable management problems," and twice, Defendants fail to elaborate.[4]  ECF No. 162-1 at 20; ECF No. 179 at 8. Perhaps Defendants intended to reference evidence not yet presented as "to other [absent] employees." ECF No. 162-1 at 20. But the Court considers only affirmative defenses that Defendants have "actually advanced and for which [they have] presented evidence." *True Health*, 896 F.3d at 931. The Court does not consider

---

[4] To the extent Defendants intended to refer to individualized issues relating to their cessation of operations argument, they fare no better. As discussed above, that argument was rejected at summary judgment. ECF No. 221 at 11.

defenses that Defendants "might advance or for which it has presented no evidence." *Id.* Thus, the specters of arguments not yet raised and individualized issues not yet presented do not persuade the Court that decertification is required. This is especially the case where the discovery deadline has passed, and evidence of such individualized issues, such as voluntary waiver of the first meal period, has not been presented.

Defendants submit that *Gonzalez v. HUB Int'l Ltd.*, No. ED CV 20-2600 PA-ASx, 2021 WL 3261634, at *5 (C.D. Cal. May 25, 2021), counsels in favor of decertification. ECF No. 162-1 at 16–18; *see also Howell v. Leprino Foods Co.*, No. 1:18CV01404-AWI-BAM, 2022 WL 866213, at *9 (E.D. Cal. Mar. 23, 2022). In *Gonzalez*, plaintiffs invoked the *Donohue* presumption as a basis for certification, "stat[ing] that a review of the time records allows them to identify the dates on which an employee did not take a meal break." No. EDCV202600PAASX, 2021 WL 3261634, at *5. The court held that "*Donohue*'s rebuttable presumption does little to satisfy their burden to establish by a preponderance of the evidence that they have satisfied Rule 23's requirements for class certification." *Id*. The Court disagrees with this view. In fact, *Donohue* creates a rebuttable presumption that class members were denied a compliant meal period and satisfies Rule 23's requirements for predominance through class-wide proof. The burden to rebut the *Donohue* presumption through "evidence that employees voluntarily chose to work during off-duty meal periods" rests with Defendants. Defendants in their summary judgment and decertification briefing have not directed the Court to evidence that class members voluntarily waived their first meal period. Rather, Defendants elected to attack liability by demonstrating that their employees always took their meal breaks, not that they waived them. *See generally* ECF Nos. 162, 163-1, 169, and 179; *see also Santillan v. Verizon Connect, Inc.*, No. 3:21-CV-1257-H-KSC, 2022 WL 4596574, at *13 (S.D. Cal. June 13, 2022). Because arguments and evidence as to waiver of the first meal

period are not before the Court, the Court need not consider them. *See True Health*, 896 F.3d at 931.

Finally, even if Defendants' rebuttal evidence identifies a number of uninjured class members, certification is still warranted. *See Olean*, 31 F.4th at 668. The *en banc* court in *Olean* rejected the "argument that Rule 23 does not permit the certification of a class that potentially includes more than a de minimis number of uninjured class members."[5] *Id.* at 669. *Olean* relied on *Halliburton Co. v. Erica P. John Fund, Inc.*, where the Supreme Court "concluded that so long as plaintiffs could show that their evidence is capable of proving the prerequisites for invoking the presumption of reliance (a key element in a securities class action) on a class-wide basis, the fact that the defendants would have the opportunity at trial the rebut that presumption as to some of the plaintiffs did not raise individualized questions sufficient to defeat predominance." *Id.* at 668 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014)). Here, the Court concludes that Plaintiffs have "show[n] that their evidence is capable of proving the prerequisites for invoking the [*Donohue*] presumption." *See Olean*, 31 F.4th at 668 (citing *Halliburton*, 573 U.S. at 276)). Additionally, common evidence renders the first meal period claim amenable to class-wide resolution, reducing the danger of individual inquiry posed by Defendants' rebuttal. As such, to the extent Defendants demonstrate that certain class members are ineligible for premium pay, the Court concludes that such evidence is not sufficient to defeat predominance.

---

[5] Defendants "have not argued that the complexity of damages calculations would defeat predominance here, and . . . there is no per se rule that a district court is precluded from certifying a class if plaintiffs may have to prove damages at trial. *Olean*, 31 F.4th at 681–82. Furthermore, Defendants do not appear to contest the damages portion of Plaintiffs' trial plan. *See* ECF No. 81.

Defendants' final two arguments for decertification appear to center on the limitations of Plaintiffs' expert analysis. Citing to Fulimeni's deposition, Defendants argue that the rounding class must be decertified because Fulimeni failed to provide an opinion as to whether Defendants' practice of rounding infringed on class members' meal breaks. ECF No. 162-1 at 24. This misstates the record. When asked about rounding, Fulimeni responded that "[t]he data speaks for itself; there is a column that showed time duration for meal breaks and it would say .5; and there were punches that would indicate otherwise. And so the analysis of that piece was simply comparing the two so, the analysis I prepared was analysis of the data." ECF No. 163-3 at 655. In her report, Fulimeni explains that her analysis of "[s]hifts . . . rounded for meal periods" excludes "meal periods where the time rounding increased or did not change the paid time of the employee . . . ." ECF No. 164-9 at 9. To the extent Defendants argue that Fulimeni's rounding analysis does not prove the "an employee was *required* to take a shorter break," Defendants are correct. But that fact does not support decertification. For it is Defendants' burden, after the *Donohue* presumption has been invoked, to demonstrate that employees voluntarily took shorter breaks. Defendants next contend that Fulimeni offered no opinion as to "whether premiums were owed." ECF No. 179 at 10 (emphasis omitted). But what Fulimeni's report lacks, the *Donohue* presumption provides. Because the Court concludes that Plaintiffs have triggered the rebuttable presumption, class members are presumed to have been denied compliant meal periods. Accordingly, the Court declines to decertify Plaintiffs' First Meal Period Class.

B. Second Meal Period Class

Plaintiffs approach the second meal period much as they did the first, relying upon incomplete timekeeping to invoke the *Donohue* presumption.[6] Specifically, they identify 226,733 shifts lasting between ten and twelve hours where no second meal period was recorded. ECF No. 163-3 at 1042. The Court concluded at summary judgment that this showing was sufficient to invoke the presumption. ECF No. 221 at 17–18.

Defendants rely upon waiver to rebut the second meal period claims. Because Defendants have pleaded and sufficiently advanced the second meal period waiver theory, the Court must evaluate the consequences of that theory upon predominance. Defendants' meal period policy states that employees who "work more than [ten] hours in a day, but not more than [twelve] hours" may "waive [their] second meal period." ECF No. 163-3 at 196–97. Employee declarations and depositions demonstrate that some employees, who worked between ten- and twelve-hour shifts, routinely waived their second meal period so that they "could go home earlier." *See, e.g.*, ECF No. 163-3 at 492 (Winkler Dep.). And it appears that the general waiver practice was "just [to not] take" the second meal period, *see* ECF No. 163-3 at 572 (Hernandez Dep.), and to inform a supervisor orally or in writing, *see, e.g.*, ECF No. 163-3 at 492 (Winkler Dep.), 560 (Meza Dep.); ECF No. 163-5 at 10 (Alvarez Dec.), 27 (Burke Dec.), 34 (Cano Dec.). Defendants' Human Resources Department explains that if employees did not "manually enter the second meal break," they would "receive pay for the time spent on the second meal break," *see* ECF No. 163-4 at 10 (Harris Dec.); ECF No. 163-4 at 12–13 (Moua Dec.).

The record demonstrates that the waiver defense is a significant obstacle to liability and not subject to common evidence. As such, determining whether a missing second

---

[6] Plaintiffs' opposition to decertification does not address Defendants' arguments regarding the Second Meal Period. *See* ECF No. 172.

meal period was voluntarily waived or improperly denied by management will require individual inquiry. The Court concludes that parsing through 226,733 shifts in this fashion would prove unmanageable, creating individual issues that would destroy predominance. Accordingly, the Court **GRANTS** the motion to decertify Plaintiffs' Second Meal Period Class, as it relates to shifts lasting between ten and twelve hours.[7]

### 2. Minimum and Overtime Wages Class

The Court certified Plaintiffs' Minimum and Overtime Wages Class on the basis of Plaintiffs' claim that Defendants' failure to track meal periods resulted in employees being underpaid. ECF No. 105 at 20. Defendants argue that Plaintiffs' Minimum and Overtime Wages Class must be decertified because the *Donohue* presumption does not apply to unpaid wages claims and Plaintiffs have failed to produce common evidence to otherwise support class-wide liability. The Court agrees. While Plaintiffs' Meal Period Classes survived Plaintiffs' failure to conduct surveys and perform representative sampling, their Minimum and Overtime Wages Class cannot. The Court observed at summary judgment that *Donohue* distinguished between unpaid meal premiums and unpaid wages. ECF No. 221 at 20. Thus, the Court concluded that the *Donohue* presumption did not apply to Plaintiffs' action for unpaid wages. *Id.* Plaintiffs argued at summary judgment that absent the *Donohue* presumption, excerpts from employee depositions describing an atmosphere of control could support liability. While the Court acknowledges that excerpts from depositions may have sufficed to create an issue of material fact at summary judgment, resolving that issue of fact at trial will require individualized inquiry into every department, supervisor, and shift. With no class-wide

---

[7] The Court granted Plaintiffs' Motion for Partial Summary Judgment as it related to the second meal period claims of employees working longer than twelve hours. Defendants have not demonstrated that employees working shifts longer than twelve hours could waive their second meal period break.

presumption of liability to assist them, Plaintiffs lack common evidence of control. They have not conducted surveys as to "employer control" as they promised in their trial plan, *see* ECF No. 81 at 8, and have failed to direct the Court to an adequate substitute for such evidence.

Cognizant of this deficiency, Plaintiffs cite *Amaral v. Cintas Corp. No.* 2, 163 Cal. App. 4th 1157, 1189 (2008), in an attempt to shift the burden to Defendants. Plaintiffs argue that "where an employer fails in its record-keeping obligation, as Defendants did here, the burden shifts to the employer to demonstrate no work was performed." ECF No. 172 at 18. But that is not *Amaral's* holding. *Amaral*, and the cases it cites, require first that the "employee proves [they] 'ha[ve] in fact performed work' that was improperly compensated, and presents enough evidence to allow an inference as to the amount of this work." 163 Cal. App. 4th at 1189. Only after such proof does the "burden shift[] to the employer to prove the precise amount of work performed or to negate the inference drawn from the employee's evidence." *Id.* Here, Plaintiffs have not demonstrated that class members performed work that was improperly compensated. An employer is liable "for straight pay . . . only when it knew or reasonably should have known that the worker was working through the authorized meal period," *see Brinker*, 53 Cal. 4th at 1040 n.19 (cleaned up), even where an employer fails its record-keeping obligation, s*ee Donohue* 11 Cal. 5th at 68. Because Plaintiffs have presented no evidence of such knowledge, and any attempt to present such evidence would require individual inquiry, Plaintiffs fail to satisfy *Amaral's* prerequisite and are not entitled to the burden-shifting mechanism described therein. Accordingly, Plaintiffs have failed to present a class-wide theory of liability and the Court **GRANTS** Defendants' Motion for Decertification as to the Minimum and Overtime Wages Class.

3. Wage Statement Class

The Court certified the Wage Statement Class on the basis of Defendants' (1) failure to include the total hours worked during each pay period and (2) inclusion of confusing pay codes that prevented employees from promptly and easily determining the hours worked at each applicable rate of pay without confusion. ECF No. 105 at 42. Defendants raise three arguments for decertification: (1) Plaintiffs have not alleged a predicate violation of Section 226(a); (2) Plaintiffs lack common proof of wage statements; (3) and individualized inquiries are necessary to determine whether wage statements are confusing.[8] None are persuasive.

Plaintiffs have alleged a predicate violation of California Labor Code § 226(a). They allege that Defendants failed to include the total hours worked during each pay period.[9] ECF No. 105 at 40; Cal. Lab. Code § 226(a)(2). Whether the wage statements "provide[d] accurate and complete information about total hours worked" and whether "a reasonable person [could] readily ascertain total hours worked from the statement alone, without reference to other documents or information," are common questions. *Woodworth v. Loma Linda Univ. Med. Ctr.*, 93 Cal. App. 5th 1038, 1059 (2023), *cert. granted*, 314 Cal. Rptr. 3d 491 (2023). And though it may require testimony from some employees, determining whether the wage statements are confusing "is not a subjective, individualized inquiry." *Id.* The Court declines to decertify the Wage Statement Class.

**CONCLUSION**

---

[8] Defendants' fourth argument, that Plaintiffs lack typicality because "neither of Plaintiffs received a wage statement with the pay code 'Ot3Rdshf@2X'", ECF No. 162-1 at 41, was addressed at summary judgment. This Court held at summary judgment that the "'confusing' pay codes" enumerated in the Class Certification Order was "not intend[ed] to [be] exhaustive . . . ." ECF No. 221 at 31 .

[9] A motion for class certification is an inappropriate forum for Defendants' related merits arguments. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

Accordingly, the Court **GRANTS** Defendants' Motion to Decertify the Minimum and Overtime Wages Class and the portion of the Second Meal Period Class pertaining to shifts between ten and twelve hours. The Court **DENIES** Defendants' motion as to the First Meal Period Class and the Wage Statement Class.

**IT IS SO ORDERED.**

Dated: December 20, 2023

Hon. Gonzalo P. Curiel
United States District Judge