UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual; individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION,<br><br>Defendants. | Case No.: 20-cv-574-GPC-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS IN LIMINE**<br><br>**[ECF Nos. 249–253, 255–263]** |

Pending before the Court were fourteen motions in limine. A hearing was held on May 16, 2024. There, the Court issued a tentative ruling on each motion and provided the parties with the opportunity to orally respond. A final ruling was then made on every motion but Defendants' MIL No. 2 and Plaintiffs' MIL No. 1, which were taken under

1

submission. This order repeats those rulings and provides the Court's decision on Defendants' MIL No. 2 and Plaintiffs' MIL No. 1.

### 1. DEFENDANTS' MIL NO. 1 (PLAINTIFFS' MIL NO. 9)

Defendants' first MIL seeks the introduction of testimony from a statistically significant sample of 300 witnesses. Defendants argue that under *Duran v. U.S. Bank Nat'l Ass'n*, a defendant is denied its due process rights unless it is allowed to introduce a statistically representative sample to rebut the presumption of liability that arises from an employer's failure to record meal periods. 59 Cal. 4th 1, 38 (2014).

Defendants concede, however, that they have failed to prepare such a sample. They blame this failure on Plaintiffs, for promising in their trial plan to prepare a representative sample and then failing to do so, and the Court, for denying Defendants' discovery requests for twenty-eight more depositions. The Court finds both arguments unpersuasive. Defendants' fierce opposition to Plaintiffs' proposed sampling indicates that Defendants did not rely on Plaintiffs' proposed sampling to any detriment. And the Magistrate Judge rejected Defendants' discovery requests because she concluded that "Defendants had exclusive access to all employees' contact information prior to certification . . . indicating that they had ample opportunity to interview class members . . . ." ECF No. 130 at 4. In other words, Defendants could have conducted sampling but did not. Accordingly, the Court's denial of Defendants' renewed request for additional discovery, just one month before trial, is not a deprivation of their due process rights. *Classical Silk, Inc. v. Dolan Group, Inc.*, 2016 WL 7637668, at *4 (C.D. Cal. Mar. 1, 2016) ("But hindsight is 20/20—Defendants have cited no authority to suggest that they may obtain additional discovery simply because they are now aware of their own strategic error."); *see also Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) ("Sheridan's failure to diligently pursue discovery is demonstrated in the record and supports the refusal to reopen discovery."); *Rodriguez v. Lab'y Corp. of Am.*, 2022 WL

18228250, at *5 (C.D. Cal. Nov. 23, 2022) ("A failed strategic choice does not establish good cause" to reopen discovery).

Rather, Defendants' due process rights are preserved because they will be allowed to argue their affirmative defense by offering evidence of collective bargaining agreements, relevant wage orders, written policies, company-wide training, resources for reporting violations, and testimony from employees—who have been disclosed during discovery—regarding Defendants' implementation of the above-mentioned policies.

Plaintiffs argue that *Duran* forbids the introduction of anecdotal testimony that comes from a statistically insignificant sample of employees. But the Court does not read *Duran* to establish broadly in wage and hour class actions a requirement that any testimonial evidence be statistically significant. *Duran* spoke about statistical evidence because that was what the parties had relied upon. And even in its holdings on statistical evidence, the *Duran* court declined to speak broadly. 59 Cal. 4th 1 at 40 ("We need not reach a sweeping conclusion as to whether or when sampling should be available as a tool for proving liability in a class action."). Instead, the concurrence recognized that "the full range of evidence bearing on the ultimate issue, including the employer's job description, company policies, industry customs, and testimony of supervisors or managers who monitored, evaluated, or otherwise set [meal period] expectations for employees in the class" are all types of evidence that "must be considered and weighed." *Id.* at 57 (Liu, J., *concurring*). Accordingly, Defendants' MIL No. 1 and Plaintiffs' MIL No. 9 are **DENIED**.[1]

/ / /

---

[1] Defendants' MIL No. 1 also asks the Court to clarify the degree of harm that the class must suffer in order for the jury to find liability. The Court finds that the question is better suited for a jury instruction conference.

### 2. DEFENDANTS' MIL NO. 2 (PLAINTIFFS' MIL NO. 1)

The parties have filed competing motions in limine asking the Court to decide whether the defendant can offer a colloquial waiver defense at trial. ECF Nos. 250, 255. In *Brinker Rest. Corp. v. Superior Court*, the California Supreme Court held that California law obligates employers to relieve their employees for at least one meal period for shifts over five hours and to record having done so. 53 Cal. 4th 1004, 1053 (2012) (Werdegar, J., *concurring*). In *Brinker*, the employer asserted that it did relieve the employee of duty, but that the employee waived the opportunity to have a work-free break. *Id.* The court held that the waiver was not an element that a plaintiff must disprove as part of the plaintiff's case-in-chief. "Instead, the assertion is 'an affirmative defense,' and 'the burden is on the employer, as the party asserting waiver, to plead and prove it.'" *Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 75 (2021) (quoting *Brinker*, 53 Cal. 4th at 1053 (Werdegar, J., *concurring*)). This defense has been described as a "waiver" in the "colloquial" sense that the employee chose to work when he or she was not required versus the formal waiver under the Labor Code § 512(a). *Donohue*, 11 Cal. 5th at 75.

*Brinker* also concluded that where an employer's records failed to show a timely recorded meal period, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided. Specifically, Plaintiffs establish a meal break violation under *Donohue* by proving that Defendants "did not keep accurate records of compliant meal breaks" or Defendants' "records show missed, shortened, or delayed meal breaks." CACI 2766B (cleaned up).[2] An employer rebuts the presumption by

---

[2] CACI 2766A, which places with the plaintiff the burden to demonstrate that the employer failed to provide reasonable opportunity to take an uninterrupted meal break, does not apply "for any meal break claims involving the rebuttable presumption of a violation based on an employer's records."

1 proving that the employee was relieved of duty to take a timely and uninterrupted thirty-
2 minute meal break.

3      In this case, the Defendants failed to plead an affirmative defense based upon
4 "colloquial" waiver.  The parties disagree as to whether Defendants have waived the
5 colloquial waiver defense.  Plaintiffs concede that Defendants may attempt to rebut the
6 presumption of liability established through *Donohue*, but contend that Defendants may
7 not proceed with the affirmative defense of voluntary waiver because it is a separate issue
8 that Defendants failed to plead.  11 Cal. 5th at 79.  Further, Plaintiffs contend that they
9 were surprised that Defendants intended to pursue this defense and that they are
10 prejudiced by Defendants' late disclosure of the defense.

11      Plaintiffs argue that because voluntary waiver is an affirmative defense, it does not
12 negate the elements of the plaintiffs' claim and therefore must be distinct from rebuttal of
13 the presumption, which does.  In general, an evidentiary presumption and an affirmative
14 defense are two separate matters and operate independently of each other.  However,
15 *Brinker* clearly joined the two ideas in describing them such that the two issues merge.
16 *Brinker* explained that relieving an employee of all duty "transforms what follows into an
17 off-duty meal period, whether or not work continues." *Brinker*, 53 Cal. 4th at 1039–40.
18 This description is the essence of a waiver.  In other words, having been relieved of all
19 duties in a timely manner, the employee receives an off-duty meal period and any work
20 that follows constitutes a waiver of a compliant meal period.  As such, an employer who
21 rebuts the *Donohue* presumption by proving that the employee was relieved of duty
22 according to CACI  2766B necessarily proves the colloquial waiver affirmative defense.
23 *See Donohue*, 11 Cal. 5th at 77 ("Employers can rebut the presumption by presenting
24 evidence that employees . . . had in fact been provided compliant meal periods during
25 which they chose to work.").

At trial, the Defendants will be permitted to rebut the presumption and, by extension, have the jury decide the colloquial waiver issue. If the jury finds that the Defendants have rebutted the presumption, then they will have necessarily found in favor of Defendants on the waiver issue. If the jury finds that the Defendants did not rebut the presumption, the decision will necessarily constitute a rejection of the colloquial waiver defense. As a result, the jury will not be instructed separately on a colloquial waiver defense. Also, even assuming *arguendo* that the colloquial waiver defense and rebutting the presumption are two separate questions for the jury to decide, Defendants have waived the colloquial waiver defense by failing to assert it in a timely manner.

Finally, this ruling does not open the door to an individualized inquiry into every class employee about every noncompliant break. Rather, an employer proves the voluntary waiver "affirmative defense [by demonstrating] that it genuinely relieved employees from duty during meal periods." *Donohue*, 11 Cal. 5th at 76; *see also* CACI 2766B (resolving liability through an inquiry as to the employer's actions). The inquiry is centered on the employer, which is consistent with the principle that meal period violations do not depend on the actions of a "relieved employee." *Brinker*, 53 Cal. 4th at 1040–41 ("[T]he employer is not obligated to police meal breaks and ensure no work thereafter is performed."). Accordingly, Defendants' MIL No. 2 is **GRANTED in part and DENIED in part** and Plaintiffs' MIL No. 1 is **GRANTED in part and DENIED in part**.

### 3. DEFENDANTS' MIL NO. 3

Defendants move to preclude Plaintiffs' attempt to extrapolate noncompliance rates in AutoTime 7 records to the AutoTime 6 time period.[3] The motion is **GRANTED**

---

[3] To the extent the motion relates to Plaintiffs' intent to rely on extrapolation to demonstrate damages, the Court **DEFERS** ruling until phase two of trial.

as to liability. Plaintiffs will not be allowed to broadly extrapolate liability from AutoTime 7 records to the AutoTime 6 period. However, they may use AutoTime 7 records to impeach a witness's testimony. For instance, if a witness testifies that they never took a short or late meal break, contradictory time record evidence may be introduced to attack the credibility of such testimony.

### 4. DEFENDANTS' MIL NO. 4

Defendants "intend to present evidence from current and former employees and managers that (1) employees were provided the opportunity to take all meal periods; and (2) in fact, all employees in various work areas and sometimes throughout the entire facility took meal periods at the same time . . . ." ECF No. 252 at 8. The motion is **GRANTED.** Employees are permitted to testify as to their breaks and observations, including whether their fellow employees took a break. However, such testimony may not be used to argue that the employer did not have a duty to record employee meal breaks.

### 5. DEFENDANTS' MIL NO. 5

Defendants move to depose additional witnesses. That motion is **DENIED**. Defendants failed to diligently pursue these depositions and did not appeal the Magistrate Judge's post-certification[4] decision which allowed Defendants only four additional depositions. ECF No. 130 at 5.

### 6. PLAINTIFFS' MIL NO. 1

The motion is **DENIED**, as explained in the Court's discussion of Defendants' MIL No. 2.

---

[4] Defendants contended at oral argument that they did not appeal the Magistrate Judge's discovery decisions because they believed they could seek further depositions after class certification. The Magistrate Judge's decision on November 30, 2022, occurred eight months after the class was certified on March 31, 2022. ECF No. 105.

## 7. PLAINTIFFS' MIL NO. 2

Plaintiffs move to preclude Defendants from arguing that evidence of inaccurate time records is sufficient to rebut the presumption. Defendants do not intend to offer this argument. Accordingly, the motion is **DENIED WITHOUT PREJUDICE**.

## 8. PLAINTIFFS' MIL NO. 3

Plaintiffs explained at oral argument that they wish to preclude Defendants from arguing that an employee's failure to report meal period violations is a complete defense to liability. Defendants do not intend to make such an argument. Accordingly, the motion is **DENIED WITHOUT PREJUDICE**.

## 9. PLAINTIFFS' MIL NO. 4

Plaintiffs move to preclude Defendants from arguing that the case is attorney driven. The motion is **GRANTED** as unopposed.

## 10. PLAINTIFFS' MIL NO. 5

Plaintiffs move to preclude Defendants from referencing Plaintiffs' unrelated claims. The motion is **GRANTED** as unopposed.

## 11. PLAINTIFFS' MIL NO. 6

Plaintiffs move to preclude Defendants from arguing that maintaining a compliant meal period policy is sufficient to rebut the presumption. Defendants clarified at oral argument that they do not intend to make this argument. The motion is **DENIED WITHOUT PREJUDICE**.

## 12. PLAINTIFFS' MIL NO. 7

Plaintiffs move to preclude Dr. Kuang from opining that certain time records should be discounted. Defendants clarified at oral argument that they only intend to offer Dr. Kuang's calculations as to the percentage of meal periods that were less than a minute late. Accordingly, the motion is **GRANTED**.

## 13. PLAINTIFFS MIL NO. 8

Plaintiffs move to preclude Defendants from calling undisclosed witnesses. Defendants do not oppose the motion, except as to Carlos Garcia, Deryke Ramirez, Ezequiel Mateo, and Kederra McDaniel—four employees who filed declarations in support of class certification. Defendants also offer Rachel Green as a substitute Rule 30(b)(6) witness. The motion is **GRANTED** except as to those witnesses identified by Defendants. A deposition of Ms. Green must be completed no later than **May 23, 2024**.

### 14. PLAINTIFFS' MIL NO. 9

The motion is **DENIED**, as explained in the Court's discussion of Defendants' MIL No. 1.

**IT IS SO ORDERED.**

Dated: May 29, 2024

Hon. Gonzalo P. Curiel
United States District Judge