MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
DALIA KHALILI (SBN 253840)
dkhalili@maternlawgroup.com
DEBRA J. TAUGER (SBN 143726)
dtauger@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
JULIA Z. WELLS (SBN 314242)
jwells@maternlawgroup.com
MATERN LAW GROUP, PC
2101 E. El Segundo Boulevard, Suite 403
El Segundo, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual; MICHAEL BEVAN, an individual; and ANTONEE HARRIS; individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGIES CORPORATION;<br><br>Defendants. | Case No. 3:20-CV-00574-GPC-AHG<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date:         September 5, 2025<br>Time:         1:30 p.m.<br>Courtroom: 2D<br>Judge:        Hon. Gonzalo P. Curiel |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2D of the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, California 92101, Plaintiffs Nathaniel Morgan, Michael Bevan, and Antonee Harris ("Plaintiffs") will, and hereby do, move this Court for entry of an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

1. Granting final approval of the Joint Stipulation of Class, Collective, and Representative Action Settlement ("Settlement" or "Stipulation"), attached as Exhibit 1 to the Declaration of Matthew W. Gordon in Support of Plaintiffs' Motion for Final Approval of Class, Collective, and Representative Action Settlement;

2. Finding that the Class Notice distributed to the Settlement Class Members pursuant to the Court's order granting preliminary approval of the Settlement constituted the best notice practicable under the circumstances;

3. Finally certifying the following Settlement Class for settlement purposes only: all individuals whom Defendant Rohr, Inc. employed in California as hourly paid, non-exempt union employees at any time from March 27, 2015 through August 31, 2024;

4. Finally certifying the FLSA collective action, pursuant to 29 U.S.C. § 216(b), for the following Collective Members: all individuals whom Defendant Rohr, Inc. employed in California as hourly paid, non-exempt union employees at any time from March 27, 2016 through August 31, 2024;

5. Approving the allocation of $500,000.00 from the Gross Settlement Amount for the PAGA Settlement, 75% ($375,000) of which shall be paid to the California Labor and Workforce Development Agency and 25% ($125,000) of which shall be paid to members of the Settlement Class on a pro rata basis as Individual PAGA Payments;

6. Approving Settlement Administration Costs in the amount of $25,000.00 to CPT Group, Inc.; and

1        7.     Entering final judgment in the action.[1]

2        This motion is made on the grounds that the Settlement is "fair, reasonable and adequate" after considering whether: (A) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, (iii) the terms of the proposed award of attorneys' fees, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposed Settlement treats members of the Settlement Class equitably relative to each other.  Fed. R. Civ. P. 23(e)(2).

Furthermore, the Court should approve the FLSA Amount of $100,000 because it is a fair and reasonable resolution of a bona fide dispute regarding the existence and extent of Defendant's liability for alleged unpaid minimum and overtime wages due to rounding of recorded time worked and the automatic deduction of meal periods from recorded time worked.

Finally, the Court should approve the PAGA Settlement of $500,000 because it is fair, reasonable, and adequate and consistent with PAGA's purposes to remediate present labor law violations, to deter future violations, and to benefit the public through enforcement of state labor laws.

///
///
///
///
///
///

---

[1] Concurrently with this motion, Plaintiffs are filing a separate Motion for Attorneys' Fees, Costs, and Class Representative Service Payments.

1   This motion is based upon this Notice, the attached Memorandum of Points and
2   Authorities, the Declaration of Matthew W. Gordon, the Declaration of Plaintiff Nathaniel
3   Morgan, the Declaration of Plaintiff Michael Bevan, the Declaration of Plaintiff Antonee
4   Harris, the Declaration of Chantal Soto-Najera on Behalf of CPT Group, Inc., all
5   documents and records on file in this action, and any other evidence or oral argument that
6   may be considered by the Court at the time of the hearing.

8   DATED: August 8, 2025           Respectfully submitted,
9                                   MATERN LAW GROUP, PC

11                          By:     */s/ Matthew W. Gordon*
                                    MATTHEW J. MATERN
12                                  DALIA KHALILI
                                    DEBRA J. TAUGER
13                                  MATTHEW W. GORDON
                                    KAYVON SABOURIAN
14                                  JULIA Z. WELLS
                                    Attorneys for Plaintiff